[Civ. No. 3667.   Second Appellate District, Division One.—June 13, 1921.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] PROHIBITION—DISMISSAL OF CRIMINAL ACTION—JURISDICTION OF SUPERIOR COURT.—A writ of prohibition will not issue to prevent the superior court, and the judge thereof, from dismissing a criminal action because of the refusal of the district attorney to furnish the defendants with a bill of particulars covering certain matters described in a motion therefor made by them, where the superior court determines such action to be in furtherance of justice.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Los Angeles County, and Frederick W. Houser, Judge thereof, from dismissing a certain criminal action.   Denied.

The facts are stated in the opinion of the court.

Thomas Lee Woolwine, District Attorney, for Petitioner.

THE COURT.—Petitioners have applied for a writ of prohibition to prevent respondent court from dismissing a certain criminal action.

[1] It appears from the petition that in response to a motion of the defendants in that action, the superior court, acting through the judge named in the petition herein, has ordered that the district attorney furnish each of the defendants with a bill of particulars covering certain matters described in the motion. The court granted the motion, and further stated that unless the bill of particulars is furnished the court will dismiss the action. The district attorney has declined to comply with the order.

The question whether or not, in a criminal action, the court may require the people to furnish a bill of particulars apparently has not been passed upon in this state, except that in *People* v. *Alviso*, 55 Cal. 230, the supreme court stated that the furnishing of such bill of particulars is not required by any section of the Penal Code "and we do not call to mind any rule of law requiring the same to be

done." For authorities generally covering this subject, see Annotated Cases 1913A, 1207.

It is not necessary to pass upon the question above stated, and we express no opinion thereon. We think that respondent has jurisdiction to· dismiss the action for any reason that it determines to be in furtherance of justice. (Pen. Code, sec. 1385; *People* v. *More*, 71 Cal. 546, [12 Pac. 631].) For this reason the petition is denied.