[Crim. No. 10219. Second Dist., Div. Two. Aug. 11, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN MICHAEL SILVA, Defendant and Appellant.

454

Elinor Chandler Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—This case presents procedural problems in the consolidation, severance, and dismissal of criminal charges.

In Count I of a two-count information filed January 3. 1964, Silva was charged with forcible assault on Grace Baldwin on May 17, 1963. In Count II he was charged with the rape of Leona Hux on May 25, 1963.

Earlier, Silva had been charged with the same offenses in two separate informations. The two informations had been set for trial on the same day, and on the day set for trial the district attorney had moved to consolidate the two actions. The motion for consolidation had been denied, but the cases were not tried that day because of court congestion. On the continued date for trial the district attorney moved to dis-

miss the two informations, and the court granted the motion without setting forth the reasons for the dismissals in its minutes. Silva was then immediately rearrested on a two-count complaint which contained the identical charges previously set forth in the two separate informations and which thereafter became the basis for the present two-count information.

When the two-count information came before the court defendant demurred on the ground that the dismissals of the earlier informations had been improper. Defendant also moved to sever the two counts for trial. The court overruled the demurrer and denied the motion to sever the counts for trial. Defendant was tried on the two-count information and found guilty of forcible assault on Grace Baldwin and not guilty of rape of Leona Hux.

*Validity of Dismissals of the Earlier Informations*

Defendant argues that the filing of the two-count information was invalid and beyond the jurisdiction of the court, because the two earlier informations had been improperly dismissed in that (1) the court had failed to set forth the reasons for dismissal in its minute orders, and (2) the district attorney's motion to dismiss had been designed to circumvent the court's earlier denial of his motion to consolidate the two separate informations.

Penal Code, section 1385, reads: ''The court may, either of its own motion or upon the application of the prosecuting attorney, and in the furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes.''

Defendant's first contention, invalidity of the earlier dismissals because the minutes did not set forth the reasons for the dismissals, is without merit. The statutory requirement for the entry of reasons for dismissals on the minutes is designed to protect the public interest against improper or corrupt dismissals and is not related to protection of the rights of defendants. (*People* v. *Romero,* 13 Cal.App.2d 667 [57 P.2d 557]; *People* v. *Fox,* 126 Cal.App.2d 560 [272 P.2d 832]; *Bealmear* v. *Southern Cal. Edison Co.,* 22 Cal.2d 337, 339 [139 P.2d 20].)

Defendant's second contention, invalidity of the earlier dismissals because of improper motivation of the district attorney, does not present a legal cause which could serve to invalidate orders of dismissal properly entered by the court. An order of dismissal is the action of the court, not

that of the district attorney. The sole limitation on the court's power to order dismissal is that the order be in furtherance of justice, a limitation not explicitly defined by the Legislature and one which has remained a subject of judicial discretion. Section 1385 provides a useful means to correct defects of form or substance in criminal pleadings, and is sufficiently comprehensive to sustain without more an order of the trial court entered under its authority. (*People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633] ; *People* v. *Polk,* 61 Cal.2d 217 [37 Cal.Rptr. 753, 390 P.2d 641].)

*Motion for Separate Trials Improperly Denied*

Yet although we recognize the validity of the dismissals of the earlier informations, this is not to say that we sanction their use for the purpose of evading a prior ruling of the court or that we find the courts without remedies to correct such an abuse of process. Here, immediately following the dismissals, defendant was rearrested and rearraigned on a consolidated complaint which reiterated the identical charges set out in the two informations just dismissed. At no time thereafter did the prosecution show any facts to justify the earlier dismissals, despite numerous opportunities to do so. We thus find a case in which (1) previous informations had been dismissed and no reasons for the dismissals entered upon the minutes, (2) identical charges had been refiled in consolidated counts of a single information, and (3) no explanation was offered by the district attorney to rebut an inference that the dismissals had been obtained in order to circumvent an earlier court denial of consolidation. The propriety of the earlier dismissals thus became highly suspect.

 Once a prima facie case of improper dismissals had been established, as we believe it was here by the immediate refiling of identical charges, it then became the duty of the party favoring the dismissals to bring forward facts to justify and support the orders of dismissal. (*People* v. *Shaffer,* 182 Cal.App.2d 39 [5 Cal.Rptr. 844].) In the absence of such justification the trial court should have drawn the inference that the prosecutor had dismissed the earlier informations in order to nullify the court order denying his motion to consolidate. An appropriate remedy to prevent the prosecutor from profiting by this manipulation of process lay readily at hand in the form of an order to sever under Penal Code, section 954, a section which authorizes the court to order separate trials for different offenses in the same accusatory pleading "in the interests of justice and for good cause shown."

■ Where there has been no showing that the dismissals had been obtained for a legitimate reason, such as to obtain further winesses, to add additional defendants, to plead new facts, or to plead new offenses, the court should have exercised its discretion "in the interests of justice and for good cause shown" and granted defendant's motion for separate trials of the two counts. (*People* v. *Clark*, 62 Cal.2d 870, 883-884 [44 Cal.Rptr. 784, 402 P.2d 856].)

*People* v. *Clark*, 62 Cal.2d 870 [44 Cal.Rptr. 784, 402 P.2d 856], presents an analogous situation. In that case the prosecution wished to try three defendants jointly under the same indictment, and it therefore obtained dismissals of an earlier information against two of the defendants over their objection, and successfully opposed defendants' motions for a severance. The Supreme Court found that this procedure had been motivated by the improper desire of the prosecution to bring before the jury an extrajudicial statement of one defendant to consider in passing on the guilt of the other two, and held in effect that this amounted to an abuse of process which, if known to the trial court, would have required an order for severance. We believe the same principle is applicable here, and that once the improper motive of the prosecution became apparent, the trial court should have entered an order for separate trials of the two offenses.

We do not suggest the second court was required to follow the ruling of the first court on the question of consolidation or severance of two offenses for trial, because it is clear that a second court is not bound by the procedural rulings of a first court. (*People* v. *Van Eyk*, 56 Cal.2d 471 [15 Cal.Rptr. 150, 364 P.2d 326] ; *People* v. *Prewitt*, 52 Cal.2d 330 [341 P.2d 1].) Rather we base our decision on that continuing duty of vigilance placed on all courts to forestall abuses of process by litigants before it, defendants and prosecutors alike. (*People* v. *Ford*, 89 Cal.App.2d 467, 472 [200 P.2d 867] ; *People* v. *Adams*, 182 Cal.App.2d 27 [5 Cal.Rptr. 795] ; *People* v. *Perez*, 58 Cal.2d 229, 250 [23 Cal.Rptr. 569, 373 P.2d 617].)

We conclude that good cause has been shown to grant the motion to sever and that under the facts of this case it was an abuse of discretion not to do so.

*Different Result on Retrial Not Probable*

■ Was the error such as to require reversal? Error on the part of the trial court does not require reversal of a

judgment unless a miscarriage of justice has resulted. (Cal. Const., art. VI, § 4½; *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].) A miscarriage of justice occurs when it is reasonably probable that a more favorable result to the defendant would have been reached had it not been for the error. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Wilson*, 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452].)

At the trial the following was established: On May 17, 1963, at 12:30 a.m., Grace Baldwin was asleep in her bedroom, lying on top of the bed with her clothes on. She heard the crash of a window breaking. As she jumped up defendant grabbed her and put his hands around her throat. He dragged her from the bedroom into the hallway, pulled her capris off, and started beating her, saying, "I'm going to finish you this time." He struck her many times with his fist, knocked out her bridgework and four teeth, and broke her cheek bone. Several police officers and a tenant in the apartment house saw Grace shortly after the incident with her face swollen and bloody. She was in the hospital six days and under medical care for six months.

Proof of defendant's guilt of forcible assault was overwhelming. Defendant's acquittal on the rape charge showed that the jury was able to differentiate between the two charges. No miscarriage of justice occurred. (Cal. Const., art. VI, § 4½.)

*No Violation of Right to Counsel and Right to Remain Silent*

█ Defendant contends the court erred in admitting in evidence a conversation he had with the police several days after the assault.

On May 23, 1963, Silva learned there was a warrant for his arrest. He consulted a lawyer and had his lawyer call the police. After further discussion with his lawyer, Silva went to the police station accompanied by a bail bondsman. An officer asked him if he knew why there was a warrant out for his arrest, and Silva said, "Yes, I imagine it is regarding what happened between me and Grace." The officer said, "That is correct. Would you tell me your side of the story, John." Silva then said he received a phone call from Grace, he became angry because she was always bothering him, he drove to her home, knocked on the door, and when he found it locked threw a trash can through the bedroom window and

crawled into the house. He grabbed Grace and started choking and slapping her around. He did not know how many 'times he slapped Grace but it was a considerable number. His fist was closed but he had nothing in his hand. He knew what he was doing, but did it because he was mad at her. The officer did not advise Silva of his right to counsel nor of his right to remain silent.

Defendant relies on *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], holding that ". . . when the investigatory stage has become an accusatory one, that is, when it has begun to focus on a particular suspect, the suspect has been taken into police custody, and the police have carried out a process of interrogations that lends itself to eliciting incriminating statements'' then the suspect must be advised of his right to counsel and his right to remain silent. (62 Cal.2d 338, 354.) In the absence of such warning it may be reversible error to admit his statements in evidence.

In our view *Dorado* has no bearing on this conversation for three reasons: (1) Silva had advice of counsel before talking to the police; (2) Silva went to the police station voluntarily in order to give his explanation of what had happened; (3) the police were not engaged in conducting a process of interrogations designed to elicit incriminating statements. The conversation was properly received in evidence. (*People* v. *Stewart,* 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97] ; *People* v. *Jenkins,* 232 Cal.App.2d 928 [42 Cal.Rptr. 373] ; *People* v. *Beverly,* 233 Cal.App.2d 702 [43 Cal.Rptr. 743] ; *United States* v. *Konigsberg* (3rd Cir. 1964) 336 F.2d 844.)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 7, 1965.