[Crim. No. 17222. Second Dist., Div. One. Feb. 5, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
ANN CURTISS, Defendant and Respondent.

## Counsel

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Kenneth Cotton and Harold E. Shabo, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**GUSTAFSON, J.**—The defendant was charged by information with grand theft (in violation of subdivision 3, section 487 of the Penal Code) and with unlawfully taking or driving a vehicle without the consent of the owner (in violation of section 10851 of the Vehicle Code).

The evidence at the preliminary hearing discloses that the defendant rented an automobile for one week. The contract provided that the automobile would not be taken out of the state. Nearly three months after the automobile should have been returned, the defendant was located in Georgia with the car and extradited to California. No defense was presented at the preliminary hearing.

On arraignment in the superior court the following occurred:

"THE COURT: I notice that this is a car rental agency. Are we running another collection agency here?

"Mr. Finnerty [Deputy District Attorney]: Pardon me?

"The Court: You might as well kill it. It will never see the light of day.

" . . . . . . . . . . . . . . . . .

"If it's a car rental deal, we are running a collection agency.

"Mr. Finnerty: It is a car rental deal.

" . . . . . . . . . . . . . . . . .

"The Court [to defense counsel]: . . . [M]ake a motion to dismiss the case and I will dismiss it.

"Mr. Cotton [defense counsel]: I make a motion to dismiss, your Honor.

"The Court: We are not running a collection agency here. The motion to dismiss is granted."

The plaintiff appeals pursuant to subdivision 8 of section 1238 of the Penal Code from the order dismissing the case prior to trial.

The only issue raised on appeal is whether the trial court abused its discretion under section 1385 of the Penal Code in dismissing the information. That section provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."[1]

Defendant urges that the trial court has absolute discretion in ordering a dismissal or in the alternative that the trial court did not abuse its discretion.

 We do not believe the trial court has absolute discretion under section 1385 of the Penal Code. For example, the section itself prohibits a dismissal for any cause which would be a ground of demurrer to the accusatory pleading.

We acknowledge that there is language in some of the reported cases supporting the contention that the discretion is absolute. In *People* v. *Superior Court* (1921) 53 Cal.App. 185 [199 P. 840] it was said that a

---

[1]The minute order states "Public Defender appointed. Arraigned. Motion of defendant for release is granted. Release on own recognizance. Motion of defendant to have case dismissed is granted. The case is dismissed in the interest of justice under Section 1385 PC. Released." Since it is clear that the court initiated the motion, we treat the dismissal as having been made upon the motion of the court.

judge of the court in which an action is pending "has jurisdiction to dismiss the action for any reason that [he] determines to be in furtherance of justice." However, the only authority cited for this proposition was *People v. More* (1887) 71 Cal. 546 [12 P. 631] which does not support the proposition that dismissal in furtherance of justice is authorized "for any reason" that appeals to the judge ordering dismissal, but held only that the plaintiff had no power to appeal from an order by the superior court on its own motion dismissing a criminal action.

The 1968 amendment to Penal Code section 1238 added subdivision 8 which gives the People the power to appeal from an order of dismissal if the defendant has not been placed in jeopardy or if he has waived jeopardy. (See *People v. Superior Court* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138].)

This amendment indicates to us that the Legislature, by section 1385 of the Penal Code, did not intend that a judge should have the absolute power to dismiss for any reason.

In the light of the importance to the administration of criminal justice of not having a case brought by the People of the State of California thrown out of court except for a reason which can be said to be that which would motivate a reasonable judge, we conclude that a judge does not have absolute discretion to dismiss a criminal case.

In *People v. Superior Court* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138] the Supreme Court noted that the discretion granted a trial court under section 1385 of the Penal Code is, and should be, very broad. The court went on to discuss some of the factors which a trial court should consider before dismissing a case after a verdict is rendered. The same principles should apply to dismissals before trial.

Factors the court mentioned include "the weighing of the evidence indicative of guilt or innocence, the nature of the crime involved, the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration, [and] the possible harassment and burdens imposed upon the defendant by a [trial] . . . ." In that case, there was a "long discourse on the evidence" showing that the trial court conscientiously considered the entire case. Here the judge merely expressed his opinion that the Legislature was not wise in permitting prosecution when a renter has stolen a car from a car rental agency.

The court below failed to set out any reasons in the minute order in compliance with section 1385 of the Penal Code. Long ago it was stated that an appellate court in reviewing an order of dismissal which does not contain the "reasons of the dismissal" has "no authority to disregard this

requirement, or to hold that it is merely directory." (*People* v. *Disperati* (1909) 11 Cal.App. 469 [105 P. 617].)

The Supreme Court recently said that when a judge orders a dismissal he "must state his reasons in the minutes." (*People* v. *Superior Court* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138].) The stated ground in the case at bench is in "furtherance of justice," but there are no stated reasons.

We recognize that throughout the state dismissals occur every day wherein the minutes do not set forth the reasons. A defendant, for example, is charged with four counts of burglary, pleads guilty to one count, the district attorney moves to dismiss the remaining three counts and the judge grants the motion without specifying the reasons in the minutes. In such a case, however, it is the prosecutor's own case which he is moving to dismiss and in so doing he is acting upon his own responsibility. Despite the defective procedure, no harm is done because the prosecutor obviously would not appeal from the order of dismissal.

Typical of the cases stating that failure to include reasons in the minute order does not invalidate the order of dismissal are *People* v. *Silva* (1965) 236 Cal.App.2d 453 [46 Cal.Rptr. 87] and *People* v. *Romero* (1936) 13 Cal.App.2d 667 [57 P.2d 557]. But these cases involve appeals by the defendants who were seeking to invalidate subsequent convictions obtained after earlier informations were dismissed. These cases said that the statutory requirement of listing reasons is to protect the public interest against improper dismissals, not to allow defendants to claim that the dismissals were invalid.

The only reason orally stated by the court below for dismissing the case can be urged for every criminal act where the victim of the crime has a civil remedy.

In *De Mond* v. *Superior Court* (1962) 57 Cal.2d 340 [19 Cal.Rptr. 313, 368 P.2d 865] the Supreme Court, in refusing to prohibit the proceedings in a car rental case, stated that an information "will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."

It is sufficient to note that the facts presented at the preliminary hearing in the present case are more favorable to the prosecution than those in *De Mond*. In the present case, the defendant was brought back to California from Georgia nearly three months after the automobile was to be returned to the agency. No explanation for the defendant's conduct is given as there was in *De Mond*.

■ We hold that it is an abuse of the broad discretion granted under section 1385 of the Penal Code to dismiss an information solely because the judge feels that a prosecution of this type would mean that the court is "running a collection agency."

The order of dismissal is reversed and the case remanded to the Superior Court of Los Angeles County for further proceedings not inconsistent with this opinion.

Wood, P. J., and Lillie, J., concurred.