*Supp. 39 Opinion
De MARCO, J.
This is an appeal by the People from an order of the Municipal Court, San Jose-Milpitas Judicial District, dismissing the charge against respondent, purportedly in furtherance of justice according to Penal Code section 1385. Respondent had been charged with a special misdemeanor for violation of Vehicle Code section 21804 (failure to yield right of way). At trial before the court, the judge asked the deputy district attorney if respondent had been questioned at the scene of the accident which was the factual setting for the charges against him. The deputy district attorney answered that the respondent did furnish information for the vehicle report. A section 1385 dismissal was then ordered “. . . on the Court’s own motion in view of the decision in Byers versus Justice Court.” Such is the extent of the very brief transcript now before us.
The thrust of the arguments for the People is two-fold. First, it is contended that the reliance of the trial court on the decision of the California Supreme Court in Byers v. Justice Court (1969) 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465] as a ground for dismissal before the introduction of evidence by the prosecution was error. Second, they assert that dismissal according to Penal Code section 1385 is an abuse of discretion when utilized before any evidence is taken. We note preliminarily that this-appeal by the People is properly before us according to Penal Code section 1466 subdivision (l)(a). Since no jury was impanelled, no witnesses were sworn and no plea of guilty was entered, jeopardy has not yet attached to this respondent. People v. Sturdy (1965) 235 Cal.App.2d 306, 314 [45 Cal.Rptr.203].
Byers, which deals with problems of self-incrimination in a different context than the usual “custodial interrogation” situation, does, by the doctrines set forth therein, enlarge the scope of the exclusionary rule prohibiting the use of incriminating statements. It seeks to expand the line of cases beginning with Marchetti v. United States (1968) 390 U.S. 39 [19 L.Ed.2d 889, 88 S.Ct. 697] dealing with situations where a defendant is subjected to criminal prosecution for failure to comply with a statute which requires disclosure of potentially incriminating statements which may reveal guilt of some other criminal offense. In Byers, the defendant was prosecuted for failure to supply information to a police officer as required by Vehicle Code section 20002, in the case of an auto accident which resulted in property damage. It was the opinion of the court that even in auto accident cases, a “substantial shadow of suspicions [was] cast upon persons regulated by the statute.” Byers, supra, page 1046. From *Supp. 40 this it could be seen that answers given in compliance with the statute, even if given for the purpose of determining civil liability, could become incriminating.
The result of the Byers decision was to recognize the power of a court to grant immunity from the use of statements given in compliance with informational statutes such as Vehicle Code section 20002 if no legislative immunity was granted. Where similar mandatory disclosures were required by statute in personal injury cases, the court noted that immunity had already been provided by the Legislature. Vehicle Code sections 20012-20013. Accordingly, the court held that while the mandatory disclosure provisions of Vehicle Code section 20002 must be met, the court was bound to exclude all evidence elicited in compliance with the statute, including the fruits of that information. (Byers, supra, pp. 1056-1057.)
Byers does not assert, however, that a dismissal must necessarily result if it is found that information required by law or subject to the required warnings is produced as evidence. Statements of the suspect which are not connected with a required accident report are admissible if they are made after the warning required by People v. Dorado (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. Statements subsequent to such warnings constitute a waiver of the privilege if they are knowing and intelligent. Miranda v. Arizona (1966) 384 U.S. 436, 444-445 [16 L.Ed.2d 694, 706-707, 86 S.Ct. 1602, 10 A.L.R.3d 974], The mere fact' that non-coercive questioning has taken place without the required warnings does not violate the rights of defendant unless information solicited thereby is used against him. People v. Varnum (1967) 66 Cal.2d 808, 812 [59 Cal.Rptr. 108, 427 P.2d 772], Statements made in a voluntary manner to police officers, before interrogation has begun, are not subject to the exclusionary rule (People v. Powell (1967) 67 Cal.2d 32, 50 [59 Cal.Rptr. 817, 429 P.2d 137]) and Byers does not purport to change this.
Nor does Byers conclude that information independent of any which is subject to the privilege against self-incrimination cannot be used to support criminal charges. Statements from third-party witnesses such as other drivers, passengers or bystanders would be permissible as would be real evidence from pictures of the scene of an accident, fingerprints, paint transfers, tire marks, etc. It would appear highly illogical to suppose that the effect of Byers is to allow automatic exclusion of all evidence of the Vehicle Code violation by dismissal because some of the evidence was subject to the privilege.
A dismissal “in furtherance of justice,” as authorized by Penal Code section 1385, is an exercise of judicial discretion exercised in view of the constitutional rights of the defendant ■ and the interests of society. People v. Disperati (1909) 11 Cal.App. 469, 476 [105 P. 617], This in *Supp. 41 volves a balancing of many factors, including the weighing of the evidence indicative of guilt or innocence, the nature of the crime involved, the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration, the possible harassment and burden imposed upon the defendant by a retrial, and the likelihood, if any, that additional evidence will be presented upon a retrial. People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 505 [72 Cal.Rptr. 330, 446 P.2d 138]. The “furtherance of justice” objective includes justice to the society (the People) as well as to a criminal defendant (People v. Superior Court (King) (1967) 249 Cal.App.2d 714, 718 [57 Cal.Rptr. 892)] and a dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion. “In the light of the importance to the administration of criminal justice of not having a case brought by the People of the State of California thrown out of court except for a reason which can be said to be that which would motivate a reasonable judge, we conclude that a judge does not have absolute discretion to dismiss a criminal case.” People v. Curtiss (1970) 4 Cal.App.3d 123, 126 [84 Cal.Rptr. 106].
In the present case, the dismissal was ordered before any witnesses were sworn and before any evidence, testimonial or otherwise, was taken. The court below relied solely on the Byers case as its ground for dismissal and, as previously pointed out, this case alone could not be cited as authority for a dismissal at this stage of the proceedings. In People v. Superior Court (King) supra, it was held that a dismissal under section 1385 based solely on the transcript of a preliminary hearing, before any evidence was taken at trial, was an abuse of discretion where that transcript left open substantial questions of fact. The court below did not have before it even the minimal record present in King, and no substantial facts seemed to be present to warrant a dismissal.
Further, we note that the only reason for dismissal set forth in the minutes was the statement of reliance on Byers v. Justice Court, supra. Penal Code section 1385 states that, “The reasons of the dismissal must be set forth in an order entered upon the minutes.” It has been held that this requirement is mandatory, rather than directory. (People v. Disperati, supra, p. 476.) While several cases have been found which imply that the duty to set forth reasons for dismissal is merely directory, it will be seen that these cases involve defendants who wish to treat the failure of the court to state its reasons for dismissal as a way to invalidate subsequent convictions. (See People v. Romero (1936) 13 Cal.App.2d 667 [57 P.2d 557]; People v. Silva (1965) 236 Cal.App.2d 453 [46 Cal.Rptr. 87].) Instead, we feel that the better view is to hold the court responsible to the mandate of Penal Code, section 1385. People v. Superior Court (Howard) supra; People v. Curtiss, supra. “A judge dismissing criminal charges without trial, upon his own mo *Supp. 42 tion, must record his reasons so that all may know why this great power was exercised, and such public declaration is indeed purposeful restraint, lest magistral discretion sweep away the government of laws.” People v. Winters (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538], The mere statement that charges are dismissed “in view of the decision in Byers versus Justice Court” is no reason in itself. Lacking any factual content, it offers no appropriate gauge by which we may test the propriety of the exercise of discretion.
In view of the foregoing, the order of dismissal is hereby vacated and the case is remanded for further proceedings as may be appropriate.
Hall, P. J., and Anello, J., concurred.