[Civ. No. 37363. Second Dist., Div. Two. Dec. 18, 1970.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
RICHARD DONALD SCHOMER et al., Real Parties in Interest.

COUNSEL

Robert N. Tait, District Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

OPINION

**ALARCON, J.***—The People petition for a writ of mandate to compel respondent superior court to set aside its order of October 9, 1970, dismissing criminal action No. 6920 against real parties in interest.

This court issued an alternative writ of mandate on November 2, 1970. No return was filed in opposition to the issuance of a writ in this matter, nor did the respondent or the real party in interest appear for oral argument. No question has been raised as to the propriety of the issuance of a writ of mandate by this court. We recognize that since 1968 the People may appeal "from an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy" (Pen. Code, § 1238, subd. (8)) and that mandate will

*Assigned by the Chairman of the Judicial Council.

not issue where an adequate remedy at law is available. ▮ However, a writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law" (Code Civ. Proc., § 1086). We have concluded that the remedy at law is not an adequate remedy to resolve the problem raised by the action of the trial court in the instant matter. In dismissing the indictments the trial court suggested that it was considering taking similar action in "several other cases now pending." We have determined that the issuance of a writ of mandate is appropriate to prevent a multiplicity of appeals raising an identical jurisdictional question. Further, the action of the trial court in dismissing the indictments casts great doubt *without a ruling on the merits or an evidentiary hearing* on the constitutionality of the method of the grand jury selection utilized in San Luis Obispo and on the validity of all pending indictments. Without a speedy determination by the court through an extraordinary writ of the issues presented in the petition, the District Attorney of San Luis Obispo will be forced to abandon the use of the grand jury for criminal investigations or risk a dismissal of each indictment pending the delay incident to an appeal. It is our view that the situation presented by the trial court's action in this matter and its apparent intention as to similar matters is of sufficient importance to the proper administration of criminal justice to require swift relief through a single writ (see, *Lockhart* v. *Wolden,* 17 Cal.2d 628, 633 [111 P.2d 319]).

On September 2, 1970, an indictment was returned and filed in the Superior Court of San Luis Obispo County, charging real parties in interest (hereinafter referred to as defendants) on a number of counts with narcotics offenses in violation of the Health and Safety Code.

Defendant Norvell, on September 28, 1970 filed a notice of motion to quash indictment "on the grounds that said Grand Jury is selected in an unconstitutional, impermissible and discriminatory manner and in such a way as to deprive Defendant of due process of law and the equal protection of the laws. Said motion will also be based upon the unconstitutionality of the statutes of the State of California which establish the Grand Jury system in that such statutes violate the due process clauses of the Federal and State Constitutions and the equal protection clauses of the Federal and State Constitutions." The People filed a demurrer to this motion. Also, in response to a declaration of defendant Norvell's attorney to the effect that he intended to subpoena the entire 1970 grand jury venire, the district attorney filed a motion to quash subpoenas.

At a hearing held on October 9, 1970, the court sustained the People's demurrer to the motion to quash, with leave to amend within 10 days, and then, over the objection of the People, the court on its own motion dismissed

the action. The docket of the trial court shows the following entry: "10-9-70 —Dft's Demurrer sustained—10 days given to amend. Entire action is ordered Dismissed & D. A. ordered to file new criminal complaint to be filed in Justice Court under Section 836 P.C."[1]

The court's order was not based on any of the grounds set forth in section 995.[2] Nor was the court's dismissal an order quashing the indictment on grounds asserted by defendant Norvell in his motion,[3] as to which there was no hearing on the merits. Apparently the court was purporting to exercise its power to dismiss pursuant to section 1385, Penal Code.

Section 1385[4] provides: "The court, may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." Such a dismissal is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony. (Pen. Code, § 1387.)

Although the power given the trial court under section 1385 is very broad (*People* v. *Superior Court,* 69 Cal.2d 491, 502 [72 Cal.Rptr. 330, 446 P.2d 138]), the discretion to be exercised is not absolute (*People* v. *Curtiss,* 4 Cal.App.3d 123, 125 [84 Cal.Rptr. 106]). Such dismissal must be "in furtherance of justice," and the provision requiring the reasons to be set forth in the minutes is mandatory. "If the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385. (*People* v. *Superior Court, supra,* 240 Cal.App.2d 90, 92 [49 Cal.Rptr. 365]; see *People* v. *Shaffer,* 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844].)" (*People* v. *Superior Court* [*Howard*], *supra,* 69 Cal.2d 491, 503, fn. 7.) In *People* v. *Disperati,* 11 Cal.App. 469, 476 [105 P. 617], the court states: "[T]he statute provides that the order 'as provided in this chapter' is not a bar, and the mandate in reference to said order is that it must contain the 'reasons of the dismissal.' We have no authority to disregard this requirement or to hold that it is merely directory. The proceeding is somewhat harsh, and imposes an additional burden upon the defendant, and no substantial departure from the plain provision of the statute should be toler-

---

[1]Penal Code, section 836, authorizes a peace officer to make an arrest in obedience to a warrant, or without a warrant in the circumstances therein specifically set forth.

[2]Penal Code, section 995, provides that an indictment must be set aside by the court. "1. Where it is not found, endorsed, and presented as prescribed in this code. 2. That the defendant has been indicted without reasonable or probable cause."

[3]It will be noted that, although two other codefendants are named in the indictment, the motion to quash was made only by defendant Norvell. The purported dismissal was apparently of the entire action, as to all defendants.

[4]All statutory references herein are to the Penal Code unless otherwise specified.

ated." ■ The statutory requirement for entry of reasons for dismissal on the minutes is designed to protect the public interest against improper or corrupt[5] dismissals. (*People* v. *Silva,* 236 Cal.App.2d 453, 455 [46 Cal. Rptr. 87].) As stated in *People* v. *Winters,* 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538]: "A judge dismissing criminal charges without trial, upon his motion, must record his reasons so that all may know why this great power was exercised, and such public declaration is indeed a purposeful restraint, lest magistral discretion sweep away the government of laws."

More recently, the above rules have been restated in *People* v. *Beasley,* 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501]: "The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. ■ It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason 'so that all may know why this great power was exercised.' [Citations.]" Further, at page 638: "The only statutory authorization, as well as the court's purported justification, for the dismissals was Penal Code section 1385. Without the required statement of reasons therefore, a dismissal under that section *is invalid.* This is now established law. [Citations.]" (See also, *People* v. *Superior Court* [*King*], 249 Cal.App.2d 714, 717 [57 Cal.Rptr. 892]; *People* v. *Superior Court* [*Johnson*], 240 Cal.App.2d 90, 92 [49 Cal.Rptr. 365]; *People* v. *Curtiss, supra,* 4 Cal.App.3d 123, 126-127.)

The reporter's transcript discloses the court's reasons for its ruling. After ruling upon the People's demurrer, the trial court stated: "Of course, the first point raised by the Defendants that the Grand Jury system is unconstitutional is not supported by the authorities. It has been sustained in every court, by the U. S. Supreme Court, and actually it affords any Defendant a greater quantum of protection than does the magistrate system . . . . So, it would appear to the Court that this really—the tactics being indulged in by the Defendants is merely dilatory and would cause a great deal of delay and obstruction in bringing these young men to trial for the offenses for which they are charged. And, also, it would be a protracted proceeding in each one of the cases pending before the Court and would probably consume in each one of the cases—and there are several . . . maybe five days in each case in order to establish the record that he wishes to establish, which could consume many days of time in a very busy court. And this Court is aware that this county is greatly burdened, not only by trials, but also by

---

[5]There is absolutely no proof nor suggestion of any corrupt motive in the action of the court in the instant matter. On the contrary the facts show conclusively that the trial judge was motivated solely by his concern to further the administration of justice and the reduction of calendar congestion. Our disagreement with the trial judge is solely as to the method he chose to solve the complex legal problem presented to him.

a great number of writs, which are coming out of the Men's Colony, the prison here in the county, and also from the Atascadero State Hospital. . . .

"Now, the Court has consulted with counsel, and it has been indicated to the Court that a Preliminary Examination in this case could be conducted probably in half a day, and so in balancing the situation in the Court's mind, it would seem to be certainly in the interests of justice, rather than having a very protracted trial or a hearing in this court and affording the Defendants an opportunity to attack the Grand Jury System—this apparently is their purpose, rather than have the matter dismissed by this Court in the furtherance of justice so that they may be expeditiously processed again through the Justice Court and then brought before this Court to stand trial. And, so, the Court is going to take and make that decision in this case. It appears to the Court in reviewing the entire situation that it would be in the furtherance of justice to dismiss the charges—first of all, the Court is going . . . to sustain the demurrer. However, the Court is also going to allow the Defendants permission to amend—ten days in which to amend their motion, so that motion is disposed of. However, the Court is going to dismiss the entire proceeding at this time in the furtherance of justice so that this court will not be unduly burdened by this type of procedure, and having in mind also there are several other cases which are now pending, and it is very obvious to the Court that probably the same tactics will be indulged in in those other proceedings. . . . The Court has, in effect, cited the reasons. The fact that the Court is greatly burdened at the present time. The Court feels that these tactics are the factor and nature of dilatory tactics and that they would consume an inordinate amount of time and consume a great deal of time in a hearing upon the Motion to Quash. It appears to the Court that once they come within the classification, they would then have the privilege of subpoenaing all the veniremen and examine them with reference to their finances, background, and it would be a very protracted proceeding."

It seems apparent from the "minute order" (i.e., the notation on the superior court file which we have referred to hereinabove as the "docket") and the above quoted remarks of the trial court that the intent or purpose behind its action dismissing the indictment was to prevent further prosecution by *indictment* and to require the district attorney to proceed by information. However, no *reasons* are set forth as to why the court deemed a dismissal of the indictment was in furtherance of justice. Accordingly, under the above cited authorities, the order dismissing the action cannot be considered an order of dismissal under section 1385, and is without statutory authorization.

As stated in *People* v. *Disperati, supra,* 11 Cal.App. 469, 476; "The legislature has not attempted to define the expression 'in furtherance of

justice,' and therefore it is left for judicial discretion exercised in view of the constitutional rights of the defendant and the interests of society to determine what particular grounds warrant the dismissal." ■ Since an order of dismissal under section 1385 is a matter of public concern, a dismissal which arbitrarily disregards the interests of society represented by the People without a showing of detriment to the defendant is an abuse of discretion. (*People* v. *Fretwell*, 8 Cal.App.3d Supp. 37, 41 [87 Cal.Rptr. 356]; *People* v. *Winters, supra,* 171 Cal.App.2d Supp. 876, 887-888.) ■ "In the light of the importance to the administration of criminal justice of not having a case brought by the People of the State of California thrown out of court except for a reason which can be said to be that which would motivate a reasonable judge, we conclude that a judge does not have absolute discretion to dismiss a criminal case." (*People* v. *Curtiss, supra,* 4 Cal.App.3d 123, 126.)

■ In this state the first pleading by the People in felony cases may be either an indictment or an information. (Cal. Const., art. I, § 8; Pen. Code, §§ 682, 737, 739, 917, 949.) We, of course, do not know why the district attorney chose the alternative procedure of indictment in this narcotics case, but this he had a right to do. ■ At the hearing the trial judge stated that "The Court can only indicate for the record that the Court feels the procedures have been correct and proper up to this point." He also stated that "The Court feels there is probable cause to hold the defendant for trial."

■ If a motion to set aside an information or an indictment is made and granted upon any grounds set forth in Penal Code section 995, the court may direct that the case be resubmitted to the same or another grand jury or that an information be filed by the district attorney. (Pen. Code, § 997.) ■ But as pointed out above, there was no hearing of defendant's motion upon the merits, and the indictment was not set aside pursuant to section 995.

■ Every court has inherent power to prevent abuse of its process and to conform its procedures to the fundamentals of due process. (*People* v. *Clark,* 264 Cal.App.2d 44, 46 [70 Cal.Rptr. 324].) ■ However, the dismissal in this case was made solely in the interests of saving the time which would be required to hear and determine defendant's motion in respondent court. It is thus clear that the court did not act to prevent an abuse of process and certainly due process did not require the dismissal. On its face the indictment appeared to be entirely proper, and it is our conclusion that the court has no right to deprive the People of a trial of a charge duly presented in accordance with legal procedure. By the same token, since the People elected to proceed by indictment, the defendant is entitled to a decision upon his challenge to the grand jury. Respondent court had jurisdiction

to hear and determine the motion before it but failed to exercise that jurisdiction because of the time which would be involved and because the court believed time would be saved in the long run by having the district attorney commence proceedings anew by filing a complaint in the justice court. The ends of justice do not require the dismissal of an indictment simply because a challenge is made to the grand jury.

We note that the action in the trial court was apparently precipitated by the heavy case load before it and by an expectation that the hearing of the motion challenging the composition of the grand jury would be protracted. We do not believe this would necessarily be so. According to the documents before us the motion challenging the composition of the grand jury was based on asserted discrepancies in the "socio-economic-political" composition of the grand jury arrived at by a comparison of the percentage of particular groups in the county as a whole with that found on the grand jury. This challenge may not necessarily involve proceedings of any great duration. ■ As recently as last January the United States Supreme Court in *Carter* v. *Jury Commission,* 396 U.S. 320 [24 L.Ed.2d 549, 90 S.Ct. 518], upheld the principle of selection of a grand jury from among those who by reason of intelligence and experience are best able to serve on a grand jury. The court there said: "It has long been accepted that the Constitution does not forbid the States to prescribe relevant qualifications for their jurors. The States remain free to confine the selection to citizens, to persons meeting specified qualifications of age and educational attainment, and to those possessing good intelligence, sound judgment, and fair character." (P. 332 [24 L.Ed.2d p. 559].) The court reaffirmed the principle that no particular group was entitled to proportionate representation on any particular grand or petit jury. The provisions of the Alabama code for jury selection referred to in *Carter,* are comparable to those found in our own Penal Code, sections 895, 896 and 897. ■ If it should appear that the asserted challenge to the composition of the grand jury does not set forth a justiciable claim, the challenge may be readily disposed of on demurrer or motion to strike.

Let a peremptory writ of mandate issue requiring respondent court to vacate its order of dismissal.

Fleming, Acting P. J., and Compton, J., concurred.