[Crim. No. 4634. Fourth Dist., Div. One. Jan. 18, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
DONOVAN PAUL McALONAN, Defendant and Respondent.

## COUNSEL

Edwin L. Miller, Jr., District Attorney, and Dan H. Deuprey, Deputy District Attorney, for Plaintiff and Appellant.

William H. McAdam, Jr., under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**AULT, J.**—The People appeal from a dismissal "in the furtherance of justice" (Pen. Code, § 1385) of an information charging the defendant with violation of Health and Safety Code section 11530, entered on the court's own motion.

### FACTUAL BACKGROUND

After the police found four marijuana cigarettes in his pocket, defendant Donovan Paul McAlonan was charged by information with possession of marijuana. His motions to dismiss under Penal Code section 995 and to suppress evidence under Penal Code section 1538.5 were denied. He waived jury and was tried by the court on December 2, 1970. After both sides had rested, the trial judge delayed his decision, stating that while he was convinced the defendant was guilty as charged beyond a reasonable doubt, he was considering a dismissal under Penal Code section 1385. Apparently the judge had been informally advised the defendant would be going into the United States Navy but for the offense here involved, and that he would probably not be accepted by the Navy if he were convicted of the offense and placed on probation. The matter was continued and, with defendant's consent, the court ordered an investigation and report from the probation office, particularly requesting information concerning the effect of dismissal as opposed to conviction and probation upon the defendant's eligibility for the service.

While the investigation of the probation office was pending, the People petitioned this court to prohibit the superior court from dismissing the

information. We held the application for the writ was premature and denied it, stating the issue was "not ripe for determination."

On February 16, 1971, the trial court, over the objection of the district attorney, dismissed the charge after the defendant personally waived jeopardy. In this context, the appeal by the People is proper under Penal Code section 1238, subdivision 8.

The original minutes of the court merely reflect the dismissal of the charge pursuant to Penal Code section 1385. However, on March 31, 1971, while the appeal was pending, the trial judge ordered the minutes amended *nunc pro tunc* to reflect his reasons for ordering the dismissal. On appeal, neither party questions the propriety of the amended minute order, and we have ordered the record on appeal augmented to include it. It reads in pertinent part: " 'It is the Court's finding that the interests of the defendant and of his rehabilitation, and the interests of society in his rehabilitation will be better served by a dismissal of this action pursuant to the provisions of Penal Code Section 1385. The Court therefore orders the dismissal of the action in the furtherance of justice.' "

### DISCUSSION

I. *The statement of reasons set forth in the amended minutes order is insufficient because it contains no factual statement by which the propriety of the order dismissing the charge may be tested.*

█ Penal Code section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. *The reasons of the dismissal must be set forth in an order entered upon the minutes.* No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Italics added.)

█ Because Penal Code section 1385 confers a broad, far-reaching power on courts and prosecutors, the provision requiring the reasons for the dismissal to be set forth in an order entered on the minutes takes on added significance. The requirement is not merely directory, but mandatory, and neither trial nor appellate courts have authority to disregard it. (*People* v. *Beasley,* 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501].) It is not enough that the reporter's transcript shows the trial court's motivation. █ As aptly stated in *People* v. *Winters,* 171 Cal.App.2d Supp. 876, at page 882 [342 P.2d 538] and repeated in numerous appellate decisions, "A judge dismissing criminal charges without trial, upon his own motion, must record his reasons so that all may know why this great power was exercised, and such public declaration is indeed a purposeful restraint, lest magistral discretion sweep away the government of laws." (See also,

e.g., *People* v. *Beasley, supra,* 5 Cal.App.3d 617, 637.) The terms of the minute order control (*People* v. *Superior Court* [*Mowry*], 20 Cal. App.3d 684, 686, fn. 3 [97 Cal.Rptr. 886]; *People* v. *Ritchie,* 17 Cal. App.3d 1098, 1105 [95 Cal.Rptr. 462]), and without the required statement of reasons in the minutes, a dismissal under Penal Code section 1385 is invalid and will be set aside (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 638).

The purpose behind the requirement for specification of reasons in the minutes has been stated to be: to protect the interests of the public (*People* v. *Superior Court* [*Howard*], 69 Cal.2d 491, 496, fn. 3 [72 Cal.Rptr. 330, 446 P.2d 138]), to protect the public interests against improper or corrupt dismissals (*People* v. *Silva,* 236 Cal.App.2d 453, 455 [46 Cal.Rptr. 87]), to restrain judicial discretion and curb arbitrary action for undisclosed reasons and motives (*People* v. *Ritchie, supra,* 17 Cal.App.3d 1098, 1105), and to enable the appellate court to determine whether discretion has been properly exercised (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 637).

 A specification of reasons couched in conclusionary language, and which fails to set out the factual basis upon which the conclusions are reached, thwarts the very purpose of the statutory requirement and fails to give effect to the legislative intent behind it. The specification of reasons contained in the order under consideration falls in this category. It cannot be determined from reading the order what facts motivated the trial judge to conclude the rehabilitation of the defendant he believed to be guilty as charged would be best served by a dismissal of the action. "Lacking any factual content, it [the order] offers no appropriate gauge by which we may test the propriety of the exercise of discretion." (*People* v. *Fretwell,* 8 Cal.App.3d Supp. 37, 42 [87 Cal.Rptr. 356].) More important, the order provides an inadequate basis for public scrutiny, because its propriety cannot be judged without reference to the entire record. Manifestly, dismissal by the court at this stage of the proceedings would in most instances constitute an abuse of discretion. Wholly apart from the People's claim the dismissal here was an abuse of discretion, we conclude the order was invalid because it failed to set out the factual basis upon which it was made. (*People* v. *Fretwell, supra,* 8 Cal.App.3d Supp. 37, 42.)

II. *Even if the statement of reasons contained in the order were to be regarded as sufficient to meet the statutory provision requiring a statement of reasons, dismissal of the charge for the reasons stated was an abuse of discretion.*

 Since an order of dismissal under Penal Code section 1385 is a

matter of public concern (*People* v. *Superior Court* [*Schomer*], 13 Cal. App.3d 672, 680 [91 Cal.Rptr. 651]), proper dismissal under the section requires a balancing of society's interest against that of the defendant. Sincere though an individual judge's belief may be that a guilty defendant's rehabilitation would be facilitated by avoiding conviction, we are convinced society's interest that justice be dispensed with an even hand and in accordance with statutory authority precludes use of the dismissal statute to avoid conviction.

After conviction, the Legislature has wisely provided judges with alternatives which they may properly consider in the sentencing process. As to the crime with which defendant was charged, these alternatives are set forth in Health and Safety Code sections 11530 and 11710 et seq. Among other things, these statutes are concerned with rehabilitation and the limits within which courts may properly act to effect it. Under the circumstances of this case, we are convinced the dismissal provisions of Penal Code section 1385 cannot be used for rehabilitative purposes. To hold otherwise would completely stultify the statutory scheme and would exalt the rule of men above the rule of law.

The order is reversed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.