[Crim. No. 11315. Fourth Dist., Div. One. July 10, 1972.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
REBECCA BOUGAINVILLIA MONTANO, Real Party in Interest.

## COUNSEL

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Edward L. Ramsey, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

E. Hodge Crabtree for Real Party in Interest.

## OPINION

**BROWN (Gerald), P. J.**— The People petition for mandate after the superior court dismissed a prosecution "in the furtherance of justice" under Penal Code section 1385, asserting as grounds for the writ the dismissal was an abuse of discretion and in excess of the court's statutory powers. We agree.

A jury found Rebecca Montano guilty of possessing dangerous drugs (Health & Saf. Code, § 11910). The circumstances under which the offense came to light leave no doubt of her guilt.

The police were called by Montano's mother, who told them her daugh-

ter had taken some pills. When they arrived, Montano became very angry, cursed the officers and her mother and refused to cooperate in any way. The officers asked the mother to check her daughter's pockets. She found three capsules and gave them to the officers. Montano was arrested. En route to the police station, she became unconscious and was then taken to the county hospital.

Before the case came to trial, Montano spent 18 days in custody.

Two and one-half weeks after the trial, a hearing was held on probation and sentencing. The trial judge adjudicated the offense a misdemeanor, then made a lengthy statement, later incorporated into the minutes. He said: ". . . there is no question but what she was, in the eyes of the law as written, in violation of law, and she had committed a crime by having in her possession these items of medication, . . ."

The judge then stated his opinion: ". . . there is nothing in this record that indicates to me . . . the heavy processes of the law are necessary, and . . . since this grew out of a mother's cry for help for her daughter I do not think . . . it is . . . in the best interests of this family relationship, . . . in which the law has a tremendous interest; . . . justice and public policy . . . would be served if this Court were to dismiss this matter in furtherance of justice . . . ."

Since there is no danger of trial or retrial, the writ of mandate may properly issue to correct an abuse of discretion (*People* v. *Superior Court* [*Howard*], 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Thompson,* 10 Cal.App.3d 129, 136 [88 Cal.Rptr. 753]).

Penal Code section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

■ "Although the power given the trial court under section 1385 is very broad (*People* v. *Superior Court,* 69 Cal.2d 491, 502 . . .), the discretion to be exercised is not absolute (*People* v. *Curtiss,* 4 Cal.App.3d 123, 125 . . .)." (*People* v. *Superior Court* [*Schomer*] 13 Cal.App.3d 672, 677 [91 Cal.Rptr. 651].)

An order of dismissal is a matter of public concern (*People* v. *McAlonan,* 22 Cal.App.3d 982, 986-987 [99 Cal.Rptr. 733]). " '[F]urtherance of justice' " [means] justice to society [the People] as well as to a criminal

defendant . . . (*People* v. *Fretwell,* 8 Cal.App.3d Supp. 37, 41 [87 Cal. Rptr. 356]). "[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." (*People* v. *Fretwell, supra.*) See also *People* v. *Beasley,* 5 Cal.App.3d 617, 636 [85 Cal.Rptr. 501].

In *People* v. *Superior Court* [*Howard*], 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], a 1385 dismissal after a guilty verdict was upheld. But there the trial judge, after a long statement in which he reviewed the testimony, concluded the evidence was insufficient to establish guilt beyond a reasonable doubt and also, procedural errors in the manner in which the witnesses identified the defendant made a fair trial impossible (*Id.* at p. 505).

 The present case is unlike *Howard* because the trial judge entertained no doubt of Montano's guilt. No question of the fairness of the trial was raised. For reasons purely subjective, the judge disposed of this case by dismissing it. This was beyond the court's power under section 1385.

Under these circumstances, after the guilty verdict "there remained nothing for the trial court to do other than to pronounce sentence. (*People* v. *Superior Court* (1962) 202 Cal.App.2d 850, 855 . . . .)" (*People* v. *Thompson, supra,* 10 Cal.App.3d 129.) See also *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182].

The judge's concern for Montano's rehabilitation and his belief preservation of the family unit could best be maintained by avoiding harsh sanctions could be taken into account at the time of sentencing. "[T]he Legislature has wisely provided judges with alternatives which they may properly consider in the sentencing process." (*People* v. *McAlonan, supra,* 22 Cal.App.3d 982, 987; See Pen. Code, §§ 1203, 1203.1.)

Permitting dismissals under section 1385 when no doubt exists as to a defendant's guilt might lead to dismissals after conviction for crimes, even when the statutes generally prohibit probation. (See Pen. Code, § 1203.) Allowing dismissals then "would completely stultify the statutory scheme and would exalt the rule of men above the rule of law." (*People* v. *McAlonan, supra,* 22 Cal.App.3d 982, 987.)

Let a peremptory writ of mandate issue compelling the superior court to vacate the order of dismissal and proceed with sentencing.

Whelan, J., and Cologne, J., concurred.