[Crim. No. 26544. Second Dist., Div. Four. Oct. 31, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD ANDREW MACK, Defendant and Respondent.

## COUNSEL

John E. Howard, Acting District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Lyle D. Herrick, A. Jane Fulton and H. Reed Webb, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal by the People pursuant to Penal Code section 1238, subdivision (a)(8), from an order of the superior court dismissing a criminal action pursuant to section 1385 of the Penal Code.

A criminal information was filed in case No. A435933 charging defendant with a violation of Penal Code section 288 (committing lewd acts on the body of a child). An amended information charged defendant with two prior felony convictions of subdivision 1 of section 314 (case No. A-274-194 and case No. A-283916). The court appointed psychiatrists to examine defendant.

The trial judge noted that defendant was currently on probation in superior court case No. A-283916 for a felony conviction of violation of subdivision 1 of section 314. Defendant admitted the probation violation and the court found him to be in violation of probation in case No. A-283916. Defendant admitted the offense in the instant information (A-435933).

In October 1974, the court considered the psychiatrists' reports, the probation report in case No. A-283916 filed on August 3, 1972, and the facts of the instant case and, based on that information, found defendant to be a mentally disordered sex offender. Defendant was committed to the California Department of Health.

The court, over the People's objection, dismissed superior court case No. A-435933, the instant case. The court said orally: "Pursuant to People versus Superior Court, 20 Cal.App.3d 684, I shall dismiss A435933 because of congestion of calendar and because the court

believes that no other disposition would occur than as at present should the defendant be convicted in said cause."

The minute order of October 8, 1974, stated "Matter ordered dismissed due to congested calendar—see A-283916—over objection of D.A." Thus, the minute order of October 8, 1974, reflected only that the matter was dismissed due to congestion of the calendar and did not reflect the court's additional stated reason that "no other disposition would occur than as at present should the defendant be convicted in said cause."

The omission of the court's other reason for dismissal was later corrected pursuant to a *nunc pro tunc* order, and the corrected minute order, entered May 14, 1975, reads as follows:

"ORDERED that the Clerk enter this present Order, nunc pro tunc as of October 8, 1974, in A-435933, and that a copy thereof be filed in A-283916. The court:

"FINDS that a violation of probation hearing was called in A-283916 on October 8, 1974, in SE-E, at which time the defendant with the advice and consent of counsel conceded violation of probation and admitted the circumstances alleged in A-435933. The Court thereupon violated the defendant in A-283916, invoked MDSO proceedings, and after hearing and the taking of evidence, committed the defendant to the Department of Health as a mentally disordered sex offender.

"FINDS that serious calendar congestion existed in the Court on October 8, 1974, rendering the trial of A-435933 extremely difficult.

"FINDS that if the defendant were convicted of the new offense set out in A-435933 that the Court intended to commit the defendant to the Department of Health on said cause as a mentally disordered sex offender.

"CONCLUDES that by reason of the foregoing findings no discernible gain would have been achieved but in fact an economic loss would have accrued to the taxpayers if A-435933 went to trial.

"This dismissal of A-435933 on October 8, 1974, is now confirmed as augmented by this present ORDER, nunc pro tunc.

"Dated: May *9th* 1975.

"S/*Julius A. Leetham*
"JULIUS A. LEETHAM
"JUDGE OF THE SUPERIOR COURT."

Section 1385 of the Penal Code, under which the trial court purported to act, reads as follows: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

Under that section, a dismissal founded only on the congestion of the court's calendar is not one "in the furtherance of justice." As the court recently said, in *People* v. *Superior Court (Montano)* (1972) 26 Cal.App.3d 668, at pages 670-671 [102 Cal.Rptr. 925]: "An order of dismissal is a matter of public concern (*People* v. *McAlonan*, 22 Cal.App.3d 982, . . .) ' "[F]urtherance of justice" ' [means] justice to society [the People] as well as to a criminal defendant . . . (*People* v. *Fretwell*, 8 Cal.App.3d Supp. 37 . . .). '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' *(People* v. *Fretwell, supra.)* See also *People* v. *Beasley*, 5 Cal.App.3d 617, 636 . . . ."

There are other methods of meeting the problem of a congested calendar including, but not limited to, an application for assistance to the Chairman of the Judicial Council. In the unlikely event that no active or retired judge willing to preside at a trial can be found in the State of California, a trial court may, under section 1382 of the Penal Code, dismiss at the demand of a defendant. The record before us shows neither that extreme situation nor any unwillingness of this defendant to have his trial continued.[1]

---

[1]Nothing in the record before us suggests that Judge Leetham had any knowledge of court congestion except as to the state of his own calendar. To the extent that court congestion could ever be a factor it is congestion of the entire court system that is material.

■ The trial judge, in the case at bench, relied on the decision of this division in *People* v. *Superior Court (Mowry)* (1971) 20 Cal.App.3d 684 [97 Cal.Rptr. 886]. That case is not in point. In that case we held that the trial judge therein involved was entitled to take into account his own practice with regard to concurrent sentences and to conclude that a trial in a second case which, at most could result only in an additional six weeks imprisonment, was an unjustifiable harassment of the defendant.[2]

In the case at bench, however, nothing in the record before us suggests that the second prosecution, for a violation of section 288, had in it any element of harassment. The new offense had been committed long after the first conviction and was for a different offense, of a kind commonly regarded as more serious in its impact than a violation of subdivision 1 of section 314. Under *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921], the maximum penalty for a second violation of subdivision 1 of section 314 cannot exceed five years. The statutory maximum for a violation of section 288 is life imprisonment. Although we know of no case that has dealt with the constitutionality of that maximum for a violation of section 288, we think it clear from the reasoning in *Lynch* that punishment for a violation of section 288 may constitutionally exceed that for a second violation of subdivision 1 of section 314.

While Judge Leetham may have been entitled, on the record before him, to conclude that a conviction on the new charge would result preliminarily only in a commitment under the MDSO statute, he could not possibly know what the ultimate result might be. If defendant were returned from Atascadero as untreatable, imposition of a prison sentence was a reasonable possibility. As we have said above, such a commitment could, in the judgment of the Adult Authority, result in a much longer period of imprisonment than defendant could serve under the first sentence. It follows that, unlike *Mowry, supra,* 20 Cal.App.3d 684, in the case at bench trial and conviction *could* contribute to the over-all enforcement of the criminal law.

The order of dismissal is reversed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1975.

---

[2]We expressed our reason for sustaining the dismissal in these words (at p. 687): "We cannot say that the trial court was necessarily in error in concluding that such a nominal increase in penalty had no purpose other than to harass defendant and that it contributed nothing to the overall enforcement of the criminal law."