The State of Iowa v. Howard and Cress.

---

## THE STATE OF IOWA v. HOWARD AND CRESS.

1. GRAND JURY: CHALLENGE. A challenge to the panel of the grand jury will be allowed only for the reason that the jurors were not drawn, appointed or summoned as prescribed by law.
2. ISSUE UPON A CHALLENGE. When the causes alleged in a challenge to the panel of a grand jury are denied by the State, the burden is upon the challenging party to maintain the truth of the challenge.
3. PRESUMPTIONS IN FAVOR OF REGULARITY, In the absence of proof to the contrary, it will be presumed that the officers charged with the duty of drawing a grand jury have discharged their duty in a legal manner.
4. FILLING VACANCIES. Where a grand juror regularly drawn, appointed and summoned, was excused by the court and permitted to select a substitute who filled his place in the panel; held, that the vacancy was filled in an irregular manner, but that objection could be taken only at the time it was done.

5. OBJECTIONS TO INDICTMENTS. Defendants who were in custody and held to answer to the offense with which they are charged in an indictment, when the grand jury by whom it was found was empanelled and sworn, cannot object to the indictment on the ground of irregularity in the drawing or empanelling of the grand jury. Objections must be made by defendants of that class before the jury is empanelled and sworn.

*Appeal from Muscatine District Court.*

TUESDAY, DECEMBER 6.

INDICTMENT for larceny. The defendants challenged the panel, and moved the court to set aside the indictment, for the reason that the grand jurors had been irregularly selected, drawn and impanelled. The district attorney filed a denial. The court refused to sustain the challenge or set aside the indictment. Trial and verdict of guilty. The defendants filed their motion for a new trial which was overruled, and they appeal. The different grounds upon which the challenge and motions above mentioned were based are presented in the opinion of the court.

*Cloud & Van Horne* for the appellants.

*S. A. Rice,* Attorney General, for the State.

STOCKTON, J.—Challenges to the panel of the grand jury are allowed only for the reason that they were not appointed, drawn or summoned as prescribed by law. Code, section 2883.

The defendants having challenged the panel for causes set down in his motion, and the attorney prosecuting for the State, having denied the truth of the challenge, the District Court properly ruled that the burden was upon the party challenging, to maintain the truth of the challenge.

All the evidence introduced was that the townships, except Bloomington, failed to make out and return to the county judge a list of the names of persons selected to serve as grand jurors; that the county canvassers made out a list

for the delinquent townships; that this list was filed in the office of the county judge, but was not recorded in the election book as required by section 1638 of the Code; and that there was no other record in said office relating to the jury lists.

There was nothing in this evidence in the least degree tending to show that the grand jurors were not appointed in the manner prescribed by law. No record is required to be kept of the drawing of the jurors by the clerk, and in the absence of any showing to the contrary, the officers charged with that duty will be presumed to have followed the directions of the statute.

Among the causes set down in the motion as cause of challenge by the defendants, the eighth is as follows: "8. A part of said panel consists of men who were not returned from any townships or selected as jurors by the county canvassers.

The record shows that six of the grand jurors not appearing, six other persons were substituted in their stead, and that "the court excused Richard Cadle, one of the grand jurors, who substituted John Martin in his place."

The statute provides that "if the requisite number of jurors do not appear by the time appointed, the court may at any time thereafter direct the sheriff to summon forthwith the number necessary to make up the deficiency of Code, section 1647 and by section 2881, it is provided that "if fifteen jurors do not appear, or if the number appearing be reduced to less than fifteen; the court may order the sheriff to summon a sufficient number of qualified persons to complete the parcel."

It was an irregularity, to say the least of it, to suffer a juror excused by the court to substitute another person in his place on the panel. The court should in accordance with the provisions of the statute have directed the sheriff to summon the requisite number of persons qualified, to fill up the panel.

The objection urged, however, furnishes neither good

cause of challenge to the panel, nor to the individual juror, Code, sections 2883, 2884. The objection to be available should have been made to the filling of the vacancy in the panel, at the time the juror whose place he was called to fill was excused by the court and the juror objected to was allowed by the court to take his seat upon the jury.

The motion to set aside the indictment was not for any of the causes allowed by the statute, Code, chapter 171. The objections taken go only to the sufficiency of the grand jury that found the indictment and to the regularity of the proceedings under which it was empanelled. Whereas in this case the defendants were in custody and held to answer for the offense of which they are charged, such objection to the grand jury must be made before it is empanelled and sworn, and come too late after the indictment is found. *State* v. *Hinkle*, 6 Iowa 380; *Dixon* v. *The State*, 3 Ib. 416.

Judgment affirmed.