Howard E. Goldfluss, J.
The defendant herein, charged with violation of section 155.25 of the Penal Law (petit larceny), moves to dismiss in the interest of justice pursuant to CPL 170.40. The wording of this section, the successor to section 671 of the Code of Criminal Procedure, gives the courts an extraordinary scope of discretion. It provides that although there can be no basis for dismissal as a matter of law, such dismissal is required by the existence of some compelling factor, consideration, or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.
The defendant maintains that this wording calls for the exercise of such discretion in his favor according to the facts, which are as follows: The defendant is a real estate broker licensed in the States of California and New York. He earns in excess of $100,000 per year. At approximately noon of April 30, 1975, the defendant was observed by store detective Robert *937 Gables to enter the record tape department of Korvettes Department Store. He walked to a rack of cassette tapes and took two cassettes from the rack. He proceeded to the cash register, presented a receipt and the cassettes, and obtained a refund slip. Detective Gables further testified that he then followed the defendant to the seventh floor where the said defendant was given a refund. At that point the defendant was placed under arrest. The defendant, who testified at his request at the preliminary hearing, stated that he had purchased the same two tapes earlier that day between 10:15 and 11:00 a.m. He then continued to shop through the store and made a purchase of a tennis racket. He called a woman with whom he had a later engagement since these tapes were intended as a present for her. He discovered that she did not desire these tapes. He returned the cassettes to the rack. He then took a list of the titles in the cassette department and called her again in order to determine what she desired. He testified further that he could not make contact with her and returned to the same rack, removed the same two cassettes from the rack, and asked for a refund. The defendant states unequivocally under oath that these two cassettes were the same cassettes which he had purchased earlier for the sum of $13.60, and that he was lawfully entitled to a refund for the same. The defendant concluded his testimony with the statement that he had never been arrested at any time and that a conviction could jeopardize his license in either State. He also testified that he had spent in excess of 24 hours in jail prior to his arraignment and was witness to an attempted suicide in an adjoining cell.
CPL 170.40 makes no reference to standards by which the discretion of the court is to be administered. Unlike CPL 510.30, which sets forth such standards which the court must follow in applying its discretion in the fixation of bail, CPL 170.40 is devoid of such guidelines. The court finds such guidance in judicial interpretation of the statute as contained in the milestone case of People v Clayton (41 AD2d 204). Quoting the court in Clayton (p 208) "Among the considerations which are applicable to the issue are (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any prejudice resulting to the defendant by the passage of time, and (g) the impact on the public interest of a *938 dismissal of the indictment” (here a misdemeanor complaint). People v Clayton (supra) also determined that if the court sua sponte considered dismissal of the charges in furtherance of justice, fair notice of intention to do so must be given to the parties and a full hearing must be held. The rationale for this procedural requirement is that the record must set forth clearly and concisely the basis for the court’s discretion so that it can be properly reviewed as to the issue of abuse. The statute makes the interests of justice paramount and it is therefore mandatory that the discretion of the court be founded upon fully deliberated considerations. An adversary hearing is the only method to establish a full and complete record, because the discretion of the Trial Judge is neither absolute or uncontrolled. (See People v Wingard, 33 NY2d 192.)
During the preliminary hearing, the defendant had moved this court for dismissal in the interests of justice. Pursuant to the mandate of People v Clayton (supra) this court indicated to the parties that it was considering the granting of such motion and adjourned the matter to give the District Attorney adequate opportunity to contest the motion and submit such evidence that he believed to be relevant to the issue. On the adjourned date both hearings were completed and the court denied defendant’s motion to dismiss on the grounds that the People had failed to set forth a prima facie case. However, the court reserved decision on the motion to dismiss in the interests of justice pending receipt of memoranda.
There is adequate authority for the proposition that principles of justice should be the only determining factor in the granting of a motion of this nature, and that the merits of the guilt or innocence of the defendant should not be considered. (See People v Quill, 11 Misc 2d 512.) This is especially true here because a sharp issue of fact is presented which only a Judge or jury can resolve after a full trial. The immediate question for this court to resolve is whether continued prosecution or conviction would result in injustice. (See Matter of McDonald v Sobel, 272 App Div 455; People v Spolasco, 33 Misc 530.)
The defendant states in his memorandum that the facts of this case and the comparative lack of seriousness of the charge would be susceptible to an adjournment in contemplation of dismissal under CPL 170.55. The Assistant District Attorney in this matter refused to consent to such application *939 by the defendant. The defendant takes the position that this is an abuse of discretion by the Assistant District Attorney, and that being so, the court should consider the granting of this motion as an alternative.
Without passing on the question of the claim of abuse of discretion by the Assistant District Attorney, it is quite clear that assuming the court agreed with this position, there is absolutely nothing the court can do about it. (See People v Dibono, 82 Misc 2d 177.) Section 170.55 requires the consent of all parties before such motion can be granted. As far as using dismissal in the interests of justice as an alternative, it is the opinion of this court that CPL 170.40 was not intended as a trump card to overrule the District Attorney no matter how unreasonable he may be. The refusal by the Assistant District Attorney to consent to an adjournment in contemplation of dismissal should not be a factor in considering the merits of the instant motion, nor should it be weighed in the use of discretion.
The District Attorney takes the position that conviction of this charge would not bring about the dire consequences that defendant predicts in the eventuality of a conviction. He points out that both under the California statute and the New York statute suspension or revocation of his license is neither mandatory nor likely. It was also brought to the court’s attention that even in the event of a conviction a certificate of relief from civil disabilities could very well eliminate this consequence.
This court should not and will not conjecture upon such a nebulous question as to what action an administrative agency will take. There are too many imponderables present here. Facts which are not within the knowledge of this court could very well determine such action. There is no question that the loss of such license or even the suspension of the license in either State could be a disproportionate punishment to the crime charged, which defendant refers to as a $13.60 "peccadillo.” Yet a case could be made for the proposition that greater standards of honesty, trustworthiness, and unquestioned integrity are required of persons in the defendant’s position than those who are not licensed to conduct a business involving fiduciary relationships and total trust.
The defendant’s clean record — the 25-hour delay before his arraignment — the traumatic experience he suffered during this delay — the relative insignificance of the charge and the *940 fact that the defendant has already been sufficiently punished and further prosecution could serve no rehabilitative effect— are all persuasive arguments for the granting of this motion. The arguments would be equally persuasive for a defendant who is unemployed and indigent.
But CPL 170.40 does not use the word "persuasive.” The section calls for a dismissal in the interests of justice where a "compelling” factor, consideration or circumstance requires it, and there is a vast difference between the strength and weight of the two. It is the opinion of this court that the Legislature used the word "compelling” as a means to put the judiciary on notice to use this section as sparingly as garlic. The word implies that the facts and circumstances must be of a nature that denial of the relief would be such an abuse of discretion as to shock the conscience of the court. That level has not been reached in this case. Before the function of the jury, the Judge and the very trial itself is supplanted, an overriding moral issue must be present so as to utilize this extraordinary procedure requested herein.
There is no question that this defendant would have more to lose by a conviction than an indigent and unemployed defendant under similar circumstances. But if the decision herein were measured by that yardstick our concept of equal justice would be distorted. The defendant maintains that he should not be discriminated against because he happens to be affluent. With this the court agrees, but the proposition also applies to a defendant who happens to be indigent. Affluence, position or social standing of a defendant should not be considered in any manner in deciding the merits of this motion. Judicial determination based on such considerations would be an act of preference. Once preference is utilized equality is sacrificed. It profits a society little to be free if some are more equal than others.
The defendant asserts that public interest could not be affected by the granting of this motion because, under the circumstances, he is not a threat to society — no rehabilitation is necessary — and therefore there is no need for further prosecution. With regard to this defendant, he is probably correct. But with regard to a natural public interest in evenhanded justice, he is not. It is to the defendant’s credit that he baa achieved social standing and financial success. But if these were considered in any manner in the determination of this motion, then lack of such achievements could also be a factor *941 in future determinations. Public interest in avoidance of such standards is obvious on its face. Ours is not an aristocratic society whose purpose is to narrow the scope of human equality — ours is a philosophy of ultimate expansion of such scope.
Motion to dismiss in the interests of justice is denied.