**STATE of Iowa, Appellee,**

v.

**Donald E. GARTIN, Appellant.**

**No. 61042.**

Supreme Court of Iowa.

Nov. 22, 1978.

Thomas M. Walter, of Barnes, Schlegel & Walter, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., Richard L. Richards, Asst. Atty. Gen., and Gary Wiegel, County Atty., for appellee.

HARRIS, Justice.

Defendant, an attorney, was tried and convicted of perjury in violation of § 721.1, The Code, 1975. The charge arose from testimony defendant gave to a grand jury which was investigating a fatal explosion and a car theft ring in Mt. Pleasant, Iowa. There are 23 assignments of error. We affirm the trial court.

We take the evidence in the light most favorable to the verdict. The fatal explo-

sion occurred in the early morning hours of September 7, 1975, behind a Mt. Pleasant bank. Walter Wellington was killed in the blast, apparently while bending over to pick up sticks of dynamite.

On September 6, Walter's brother Silas assisted in preparing a dynamite bomb. Silas then drove Walter to the bank where the bomb was placed behind the building. It is not entirely clear why an explosion was planned. Thereafter the two proceeded to a restaurant to meet their wives, in an effort to establish an alibi. But the bomb failed to explode. So Silas drove Walter back to the bank to investigate. Walter was thrown into the air and killed as the bomb exploded. Silas went back to the restaurant and then to defendant's house. He told defendant what had happened.

Over the course of the next few days defendant and Silas fabricated a story for the grand jury. Defendant subsequently testified to the grand jury that he had no knowledge of the explosion or a car theft ring. Silas pled guilty to conspiracy in connection with the explosion and was one of the State's principal trial witnesses.

On September 10, the grand jury was convened to investigate the explosion and a suspected theft ring. Apparently it was believed the explosion and theft ring might be related. Defendant was one of several witnesses called to testify. He testified he had no knowledge of the circumstances of Walter's death. He said Silas had not mentioned it to him when he came to his home during the early hours of September 7. Defendant told the grand jury Silas mentioned that Walter was concerned over being paid for some car parts he had sold. Defendant testified he first learned of the explosion and the possibility Walter may have been killed when Silas' wife called him to say Silas had been arrested and taken to the police station.

Defendant also told the grand jury about further discussions he had with Silas in the days between the explosion and his grand jury appearance. But he stated he never discussed fabricating a story with Silas. Defendant testified at his trial he had no knowledge of any auto theft ring when he gave his grand jury testimony.

To some extent a number of defendant's assignments overlap so that not all will be separately discussed.

I. Claims relating to the grand jury which indicted defendant.

■ In the first of three parts to defendant's challenge to the grand jury which indicted him, he contends his constitutional rights were violated because lawyers were by statute excluded from service on the grand jury which indicted him.

Our Code provisions for grand jury selection and service are intertwined with similar provisions for petit jury service. §§ 609.1, 609.2, The Code. Section 607.2 in part provides exemptions for practicing attorneys from jury duty. Defendant attempted to defend against the charge, in part on a claim that any information he received about the bank explosion was derived from attorney-client communications. He believes attorneys represent a significant and important segment of the public community which should be represented on grand juries.

We have recently rejected similar complaints relating to other statutory exemptions. Although our recent cases related to petit jury duty, the rationale remains the same. In *State v. Brewer*, 247 N.W.2d 205, 210 (Iowa 1977) we considered a constitutional challenge to the exemption from jury duty of persons over 65:

"The controlling interest is a defendant's right to a fair and impartial jury and not to any particular jury. (Authorities.) The State has a rational basis for its special exclusion of persons over 65. Defendant has not shown the excluded class has any special perspective not attainable from the balance of the community. His claim the jury panel was not representative of a cross section of the community is without merit." See also *State v. Williams*, 264 N.W.2d 779, 781–782 (Iowa 1978).

We similarly reject defendant's contention lawyers must be included on a grand

jury. We find no basis for assuming their absence from the panel infringed upon any of defendant's constitutional rights.

Defendant claims he was held to answer prior to the time his grand jury was impaneled. He argues he therefore should have received notice at the time the grand jury was selected so that he could challenge its members. Challenges to grand jurors are provided for in § 770.3, The Code. The section makes no provision for notice.

Defendant's claim that notice is constitutionally required is without merit. He was not held to answer under our definition of the term. *State v. Morningstar*, 207 N.W.2d 772, 774–775 (Iowa 1972).

The final portion of defendant's challenge to the grand jury concerns three of the grand jurors he specifically challenged after he was indicted. Defendant believes three grand jurors had formed or expressed an opinion as to his guilt which prevented them from rendering a true verdict. The three testified at a hearing upon defendant's challenge. On the basis of their testimony we agree with the trial court's determination that there was no prejudice. None had formed the necessary unqualified opinion. See *State v. Howard*, 10 Iowa 101, 102 (1859).

II. Defendant filed a motion to set aside his indictment, pursuant to § 773.7, The Code, 1975, asserting four grounds.

Defendant first contends the grand jury before which he testified was not in fact a tribunal authorized by law because it was acting beyond the scope granted it under § 771.1, The Code, 1975. Section 771.1 provides: "The grand jury shall inquire into all indictable offenses which may be tried within the county, and present them to the court by indictment."

The contention has no merit. In *State v. Deets*, 195 N.W.2d 118, 121 (Iowa 1972) we stated: "At the threshold we are satisfied a grand jury, though generally characterized as an inquisitorial and accusatorial body, clearly qualifies as a tribunal created by law. (Authorities.)" The matters being investigated by the grand jury fell clearly within the scope of their authority under § 771.1.

The second facet of defendant's motion to set aside the indictment was based on an untenable claim of the attorney-client privilege. Defendant argues that any knowledge he acquired was obtained from Silas and Maxine Wellington through the attorney-client privilege. He believes it follows that when he testified he had no knowledge concerning the matters under investigation the claim was true because any knowledge gained through the attorney-client privilege could be excluded.

We also reject this argument. It was a deception and a lie to tell the grand jury he had no knowledge and to withhold from them any claim of privilege. If he sought to claim the privilege in the absence of his client he should have pointed out that he was doing so. *State v. Bean*, 239 N.W.2d 556, 560 (Iowa 1976).

Third, defendant claims he himself was being investigated by the grand jury, and was suspected of some illegal activity. Hence, he had no duty to give any answers and anything he said could not be used against him. This contention is contrary to the facts. The grand jury was not investigating defendant but rather (1) a homicide or suicide and (2) whether there was a car theft ring.

The final contention in defendant's motion to set aside the indictment was that all language attributed to him in the bill of particulars was couched only in the terms of opinion or belief. This, he claims, was insufficient for a charge of perjury. The contention proceeds from a faulty legal premise. In *State v. Deets*, supra, 195 N.W.2d at 122, we described the essential elements of perjury as:

". . . (1) a false statement of fact, *opinion or belief* knowingly made regarding any material matter, (2) under a lawfully authorized oath or affirmation, (3) in any proceeding before any court of justice or officer thereof, or before any tribunal or officer created by law, or in any proceeding

in regard to any matter or thing in or respecting which an oath or affirmation is required or authorized by law. (Authorities.)" (Emphasis added.) A false statement of opinion or belief is sufficient to support a charge of perjury.

■ III. Defendant also challenges the indictment against him on the ground it was filed on March 2, 1976, but was certified as having been presented the following day. The indictment was later amended to show the right day. Defendant contends, however, that because of the filing discrepancy it should have been set aside without leave to amend. We reject the contention for the same reasons we gave in rejecting a similar claim in *State v. Wessling*, 260 Iowa 1244, 1259, 150 N.W.2d 301, 310 (1967).

■ IV. Defendant claims the indictment did not comply with the permissible forms for filing short form indictments as provided in § 773.35, The Code. That section provides in material part:

"The following forms may be used in the cases in which they are applicable:

" * * *

"Perjury—A. B. committed perjury by testifying as follows: (Set forth the testimony)."

The indictment against defendant contained a great deal more detail than required by the statute. There was no error. Defendant was given sufficient notice of the charge against him. See generally *State v. Vaughn*, 159 N.W.2d 447, 448 (Iowa 1969).

■ V. Both before and during trial defendant sought transcripts of the proceedings of the grand jury before which he testified and out of which this charge arose. The purpose for which defendant sought the transcript was to determine whether his statements, the ones which formed the basis for this prosecution, were material to the matter under inquiry.

We find no reversible error in the refusal of the trial court to order production of the transcripts prior to trial. Any error was rendered moot and harmless. This is be-

cause, before completion of this case in the trial court, a sufficient amount of the grand jury proceedings was made a part of the record. Defendant was furnished copies. It was thereby established, conclusively and as matter of law, that the subject of defendant's statements was material to the matter under investigation by the grand jury.

A number of other points defendant now wishes to urge were not preserved for review. Appellate courts insist that error be properly preserved in order to justify considering an assignment. Many reasons given for the rule were summarized in 22 Drake L.Rev. 483 (June 1973).

■ At trial the trial court undertook the in camera inspection of the grand jury transcripts for another purpose. Defendant now urges the proceeding did not comply with the procedure outlined in *State v. Deanda*, 218 N.W.2d 649, 651 (Iowa 1974). See also *State v. Jacoby*, 260 N.W.2d 828, 839 (Iowa 1977). The flaw which defendant now finds in the proceedings is that his attorney did not himself examine the transcripts, but rather the examination was conducted by the trial court alone.

Whatever the merits of defendant's contention, there was no complaint made at the time the trial court undertook to conduct the examination. On the contrary, defendant's counsel stated that he was satisfied with the court's plan. Hence it is clear defendant's contention is raised for the first time on appeal and cannot be entertained. *State v. Fowler*, 248 N.W.2d 511, 517 (Iowa 1976).

■ Defendant wishes to urge the trial court erred in refusing to allow the State's witness Loren Dykeman to testify as to conversations with one of the State's principal witnesses, Silas Wellington. He now claims the trial court erred in excluding what apparently was hearsay because the evidence was either admissible hearsay or within the res gestae exception. But defendant failed to preserve error by making an offer of proof. As stated in *State v. Arnold*, 225 N.W.2d 120, 122 (Iowa 1975):

"When evidence which is apparently inadmissible is offered for a limited purpose, the party offering it has the duty to alert the court of his theory of admissibility. (Authority). That principle is applicable here. Having failed in this obligation, defendant cannot predicate reversible error on the court's rulings. . . ."

Under the same authority, defendant did not preserve error for a claim the trial court erred in not allowing defendant to tell his version of the conversation between defendant and State's witness Piper, who had previously testified.

◼ Defendant contends there was error in a trial court ruling which permitted Silas Wellington to testify about his own opinions and conclusions involving a conversation with defendant. The opinion or conclusion, however, drawn by the witness concerning defendant's decision to formulate a story had already entered the record as hearsay without objection: ". . . And Don [defendant] said we had to think up a reason why I was there the night before because his wife wouldn't lie to the grand jury."

Any objection to the testimony regarding defendant's decision to formulate a story should have been made at that point. In failing to object then, defendant allowed the State to establish the fact that he wished to fabricate the story. The question to which he later objected merely asked about the nature of the story they agreed upon. Accordingly, his objection was not timely. *State v. Slater*, 261 Iowa 554, 558, 153 N.W.2d 702, 705 (1968). This assignment could be rejected on another ground. Defendant's objection that "the witness' statements as to any decision [called] for opinion and conclusion," was not sufficiently specific. *State v. Glenn*, 234 N.W.2d 396, 402 (Iowa 1975).

◼ By his failure to object, defendant subscribed to a procedure undertaken by the trial court to interrogate two jurors about telephone calls the jurors received. During trial the State learned and immediately advised defendant and the trial court that, prior to selection of the jury, someone had conducted a telephone survey during which two of the jurors had been called. Concern arose whether some questions asked as part of this survey prejudiced these jurors. A discussion followed between the court, defendant, and the State, during which the court advised counsel it would question the jurors concerning the calls. The trial court did so and thereafter reported the results to defendant and the State. Only after the report did defendant object to the procedure.

The objection was untimely. See *State v. Slater*, supra.

◼ VI. A number of defendant's assignments of error assail rulings which lie within the trial court's discretion. Trial court discretion is often accorded where, because of proximity to the trial process, the trial court is in as good or better position than the appellate court to make a determination in accordance with the demands of justice.

When discretion has been accorded and exercised it is subject only to a limited appellate review. We affirm unless discretion has been abused.

". . . [T]he decisions of the trial court are cloaked with 'a strong presumption in [their] favor,' and '[u]ntil the contrary appears, the presumption is that the discretion of the [trial] court was rightfully exercised.' . . . [T]o overcome this presumption of regularity requires an affirmative showing of abuse and the burden of so showing rests upon the party complaining.

"This burden is heavy, indeed, for it can only be sustained by showing abuse *and* prejudice. In the words of a leading treatise on discretion: '. . . The action complained of must have been unreasonable in the light of attendant circumstances— the discretion must have been exercised for *reasons clearly untenable* or to an extent clearly *unreasonable* [and] the action must have resulted *prejudicially* to the rights of the party complaining. Without a union of these conditions, the ruling will stand; and,

they concurring, it is seldom that a reversal is refused.' " (Emphasis in original.) Donahoo, The Scope of Judicial Discretion in the Iowa Criminal Trial Practice, 58 Iowa L.Rev. 1023, 1024 (June 1973).

■ With these principles in mind we turn to defendant's various claims that the trial court abused its discretion. During cross-examination of Silas Wellington, the witness mentioned that he received threats after his brother's death. When Silas was asked who made the threats he refused to answer. The trial court did not compel him to answer, stating the ruling on the objection would be reserved until a foundation was laid showing the substantive purpose to be served by the question. The court noted that the witness was then a prisoner in the state penitentiary at Fort Madison and that his personal safety might be endangered if he identified the person making the threat.

The witness thereafter described the threat but was not required to identify the person who made the treat. Under the opinion in State v. Sheffey, 250 N.W.2d 51, 55 (Iowa 1977) we believe the trial court's ruling limiting the scope of the witness' cross-examination fell within its discretion. We find no abuse.

We also reject defendant's claim that the trial court abused its discretion in overruling a defense objection made during the cross-examination of defense witness Snyder. The objection claimed the prosecutor's cross-examination was argumentative. There was no abuse of discretion in the ruling.

■ Another discretionary ruling by the trial court was upon the defendant's motion to produce, filed prior to trial, in which he sought a transcript of the proceedings of the grand jury before which he allegedly committed perjury. This motion was in part denied by the trial court ruling. The trial court determined the testimony could be withheld until trial but should then be furnished to defendant for use in cross-examination. Only the transcripts of testimony for witnesses who actually testified would be furnished.

The in camera proceeding, previously mentioned, was also ordered. The trial court also directed production of all laboratory reports, photographs, and physical evidence relating to the explosion. And the trial court directed the State to provide a statement of the investigative purpose of the grand jury before which defendant testified.

We discussed the scope and extent of pretrial discovery in State v. Eads, 166 N.W.2d 766, 769–771 (Iowa 1969). We think the trial court properly exercised its discretion in balancing the conflicting interests. It is to be remembered that proceedings of grand juries are generally secret. §§ 771.23 and 771.24, The Code. See also State v. Hall, 235 N.W.2d 702, 731 (Iowa 1975); 38 Am.Jur.2d, § 39, pp. 984–985. There was no abuse of discretion in the ruling.

■ The trial court ruled on defendant's motion for a bill of particulars which requested the State set forth exactly what the grand jury was investigating at the time defendant was called to testify.

The State responded to the trial court's direction by filing a statement detailing that the grand jury was (1) investigating the explosion, (2) determining who was present, (3) finding where the explosives were acquired, (4) learning who assembled them, (5) finding the names of persons with knowledge about the matter, (6) determining whether the death of Wellington was a homicide or suicide, (7) learning whether the decedent was involved in any illegal activities relating to his business, (8) finding the names of any persons who participated in the explosion, (9) determining the vehicles used in transporting the explosives, (10) determining who was present in the vehicle, (11) determining all other matters relating to the explosion or responsibility for it, and (12) learning of the activities of the car theft ring.

Defendant was not satisfied with the bill of particulars and again filed a motion requesting the entire grand jury transcripts. This was denied. We believe the ruling was proper.

A bill of particulars, as contemplated in § 773.6, The Code, is within the trial court's discretion. *State v. Connor*, 241 N.W.2d 447, 452 (Iowa 1976); *State v. Galloway*, 167 N.W.2d 89, 90 (Iowa 1969). We believe the trial court correctly provided defendant with the information requested and, to the extent the renewed motion was denied, there was no abuse of the trial court's discretion.

■ The defendant moved for mistrial during the testimony of Silas Wellington. On direct examination as a witness for the State, Wellington testified about the seizure of an allegedly stolen vehicle in the presence of Silas and Walter Wellington, and the defendant. Following objections, the defendant moved for a mistrial claiming that this testimony was an attempt by the State to introduce evidence of other unrelated crimes. In seeking a mistrial, the defendant made a record to show that a charge of conspiracy was pending against him for the seizure of the particular vehicle in question.

The State claims that this testimony was solicited to show that the defendant had knowledge of the car theft ring, contrary to his grand jury testimony. However, defendant asserts that the State solicited this solely to improperly influence the jury with evidence of the pending conspiracy charge.

We think evidence of the other alleged crime was admissible. Defendant told the grand jury he had no knowledge about illegal activities at Wellington's business. This challenged testimony was direct evidence of the falsity of defendant's claim he had no knowledge. As such it was admissible. It was also admissible to show his statement was not made by mistake or accident. *State v. Powell*, 256 N.W.2d 235, 237 (Iowa 1977).

As a second ground for mistrial in the same motion, defendant complained that the trial court struck only the testimony relating to Trooper Wilton Lewis. But we find no abuse of discretion.

■ A separate assignment challenges a trial court ruling by which the foreman of the grand jury investigating the bombing was allowed to testify no "evidence" was presented to show who was behind the bank when the explosion occurred. Defendant objected on the ground the witness was not qualified to give an opinion or conclusion on the subject of evidence.

In *State v. Mayhew*, 170 N.W.2d 608, 619 (Iowa 1969) we pointed out that the receipt of opinion evidence, whether lay or expert, rests largely in the trial court's discretion and ". . . we are loath to interfere with the exercise thereof unless it has been manifestly abused to the prejudice of the complaining party. (Authorities.) . ." We believe it is clear that, in asking the question, the State was merely inquiring whether the grand jury was told who was behind the bank when the bomb exploded. We find no abuse of the trial court's discretion.

■ Robert Smith, an agent with the Iowa bureau of criminal investigation, testified he had received 130 hours of instruction in explosives and, as a special agent with the department of public safety, had conducted independent research. He had personally detonated ten to twenty thousand pounds of various types of explosives, and had personally investigated explosions resulting in death as well as those causing no fatalities. He thereafter testified (over defendant's objection that he was not properly qualified to voice such an opinion) where he believed the body of Walter Wellington was at the time of the explosion.

We find no abuse of discretion in allowing the testimony. In *State v. Burrell*, 255 N.W.2d 119, 123 (Iowa 1977) we said: "Opinion testimony is allowed if it will aid the jury in the discharge of its duties and is based on some special training, experience or knowledge of the witness. (Authority.) . . ." The determination of whether a witness has sufficient personal experience to render an opinion is within the discretion of the trial court. There was no abuse.

■ After his conviction, defendant filed a motion pro se asking the trial judge to disqualify himself on the grounds of bias

and prejudice against the defendant. Attached to the motion was an affidavit claiming the trial judge, with another district judge, attended what defendant called a "victory party" celebrating defendant's conviction. The affidavit further claimed that during trial the trial court improperly threatened and coerced defense counsel with a contempt citation. The affidavit complained of an admonition by the trial court to defendant in the presence of the jury. The same affidavit recited other matters which defendant thought reflected on the impartiality of the trial court. The trial court refused to disqualify itself and overruled the motion.

We have examined with great care the references in the trial court transcript which defendant points to. We find no trace of coercion or unfairness. On the contrary we believe the court conducted itself with considerable restraint in presiding over a difficult and hard fought trial.

The trial court made an extensive record in response to defendant's affidavit relating to the so-called post-trial "victory party." This record acknowledged a social acquaintance and friendship with the other judge. But the trial judge specifically denied participating in any celebration. The trial judge went on to explain that, although the other judge had furnished food and refreshments for a private dinner, he did not partake of either. In connection with recreation that afternoon defendant's own trial attorney was his constant companion. The trial judge said the case had not been discussed in his presence and expressly denied he was prejudiced in any way against defendant.

Defendant's claim of bias and prejudice on the part of the trial court is wholly unfounded. *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976). The trial judge did not abuse his discretion in refusing to disqualify himself.

Defendant's final challenge to the exercise of the trial court's discretion is addressed to the motion for a new trial. A number of the grounds previously discussed were again raised in this motion. What we have said previously need not be repeated.

▪ A new ground asserted in the motion for new trial related to alleged jury misconduct. Defendant claims the jury had an unauthorized view of the scene of the explosion during breakfast at a restaurant on the second day of deliberation. In *State v. Feddersen*, 230 N.W.2d 510, 514 (Iowa 1975) we pointed out:

". . . [T]he grant of a new trial for jury misconduct is not justified unless it be made to appear the misconduct was calculated to and probably did influence the verdict. (Authorities.)

"Furthermore, . . . a trial court has broad discretion in determining whether claimed misconduct on the part of a juror justifies a new trial. (Authorities)."

We find nothing to indicate the alleged misconduct in any way influenced the jury's unanimous verdict.

▪ The motion for new trial was also based in part on defendant's claim he was denied a fair trial by the presence of law enforcement officers the jurors passed when moving between the courtroom and jury room during trial. But this does not merit a new trial either. *State v. Bruno*, 204 N.W.2d 879, 889 (Iowa 1973). Finally, there was no abuse of discretion in sequestering the jury in a room which was not air conditioned.

▪ VII. Defendant contends the trial court erred in overruling his motion for directed verdict made at the close of the State's case. He contends a directed verdict was mandated because the State did not prove the elements of perjury. We previously quoted the elements of perjury from *State v. Deets*, supra, 195 N.W.2d at 122. The standards for granting a motion for directed verdict were reviewed in *State v. Lewis*, 242 N.W.2d 711, 724 (Iowa 1976).

Defendant believes the State failed to prove the statements attributed to defendant were material. In *Deets*, supra, 195 N.W.2d at 122 we defined materiality as follows:

"A false statement of fact knowingly made under oath or affirmation is material and will support a charge of perjury if it directly or circumstantially (1) supports or attacks the credibility of a witness, or (2) has a legitimate tendency to prove or disprove some relevant fact irrespective of the main fact at issue, or (3) is capable of influencing the court, officer, tribunal or other body created by law on any proper matter of inquiry. (Authorities)."

Under this test we believe defendant's statements were material to the grand jury before which he testified. There was ample evidence before this jury to show the statements were false. They were sufficiently corroborated as false. There is no merit in defendant's claim that the State needed two witnesses to testify the statements were false. *State v. Raymond*, 20 Iowa 582, 587 (1866).

VIII. Defendant separately assigns as error an evidentiary ruling at trial. There was extensive testimony that Walter Wellington purchased two watches and that Silas saw Walter make a timing device by attaching one of the watches to five sticks of dynamite.

The prosecutor then asked Silas whether he had conversation with Walter concerning the use of a watch as a timing device. Silas was not asked to relate the conversation. This question was objected to as hearsay.

We have no occasion to decide whether the question called for hearsay. We have defined hearsay in many cases including *State v. Leonard*, 243 N.W.2d 887, 890 (Iowa 1976). Because similar testimony was already in the record, admission of this cumulative testimony was not error. As to any claim the question was leading and suggestive, the trial court did not abuse its discretion in allowing the answer.

IX. Defendant's last assignment challenges a trial court ruling sequestering witnesses. Over defendant's objection, the trial court ruled that all witnesses would be excluded from the courtroom until they testified (except defendant's wife who was permitted to remain in the courtroom).

There was no error in the ruling. *State v. Sampson*, 220 Iowa 142, 144, 261 N.W. 769, 770 (1935).

We find each and every one of defendant's assignments, either considered separately or as a whole, to be without merit.

AFFIRMED.

All Justices concur except McGIVERIN, J., who takes no part.