STATE of Iowa, Plaintiff–Appellant,

v.

Tina Patrice LUNDEEN, Defendant–Appellee.

No. 63865.

Court of Appeals of Iowa.

Aug. 26, 1980.

Thomas J. Miller, Atty. Gen. of Iowa, and Douglas Staskal, Asst. Atty. Gen., for plaintiff–appellant.

Bruce J. Schulte of Dalley, Ruther, Bauer, Schulte & Hahn, Burlington, for defendant–appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Plaintiff, State of Iowa, appeals trial court's order dismissing three pending criminal prosecutions against defendant, Tina Patrice Lundeen, for selling alcoholic beverages to a minor in violation of sections 123.47 and .90, The Code 1977. The State alleges trial court erred in dismissing the

three charges although a jury trial on a related charge resulted in defendant's acquittal. We vacate trial court's order and remand the case for further proceedings consistent with this opinion.

I. Facts and Procedure. On December 27 and 28, 1978, defendant was employed during her Christmas break from college as a part–time cashier at the Iowa Liquor Store in Burlington, Iowa. While so employed, defendant allegedly sold alcohol to four youths ranging in age from sixteen to eighteen years. She was charged on February 14, 1979, by four separate county attorney's informations, numbered causes 9569, 9570, 9571 and 9572.

At arraignment on February 26, 1979, the State requested consolidation of the four charges for trial, arguing that the same defendant, statutory offense, and type of criminal activity were involved in each. Upon defendant's resistance, trial court denied the State's request. The State then recommended that the cases be scheduled for trial with 9571 last because it involved a co–defendant. The State further argued 9571 might not be tried in the interest of justice if defendant was convicted of one of the other charges. Defendant objected, asserting 9571 was not more complex and trying it first would enhance judicial economy since it involved more than one defendant. In view of this argument, the State withdrew its request.

Trial court subsequently questioned defendant regarding scheduling in relation to exercise of speedy trial rights. Defendant responded that she would graduate from college May 19, 1979, would begin work as a school teacher in August, and consequently would prefer the trials be scheduled between those dates. The State, despite ac-

knowledging appreciation of defendant's position, requested the cases be tried speedily. Trial court consequently scheduled 9571 to be tried at 9:30 a. m. on May 30, 1979, and 9572 as the second case on the 30th. The State then asked trial court to schedule the cases one week later and to start with the "upstairs panel."[1] Trial court responded by scheduling 9570 at 9:30 a. m. on June 20, 1979, and 9571 as the second case on that day. On April 19, 1979, trial court filed an order in the interest of judicial economy scheduling the cases as follows:

Cause No. 9572, (Minor Douglas Krieger), May 30th, 1979, at 9:30 a. m., first case;

Cause No. 9569, (Minor Jade Lafferty), May 30th, 1979, 9:30 a. m., second case;

Cause No. 9570, (Minor Jeffery Hendrickson), June 20th, 1979, 9:30 a. m., first case;

Cause No. 9571, (Minor John Dixon), June 20th, 1979, 9:30 a. m., second case.[2]

Trial on 9572 proceeded as scheduled on May 30, 1979. Defendant was acquitted by the jury and judgment accordingly was entered on May 31, 1979. On June 12, 1979, trial court dismissed the indictments in causes 9569, 9570, and 9571 on its own motion pursuant to Iowa R.Crim.P. 27(1).[3] Trial court concluded the State was permitted to choose its strongest case for trial first, and did in fact try its strongest case. The court also stated that, if the three remaining causes went to trial, it was "reasonable to assume that the jury would render verdicts of not guilty particularly since the only disputed element in any of the causes is that of the Defendant's judgment. . . ." The State appeals from this ruling pursuant to section 814.5(1)(a), The Code 1979.

1. Reference is to a second jury panel. Tr. p. 15.

2. Contrary to these developments, the district court calendar shows 9571 as being scheduled at the arraignment hearing on February 26, 1979, for trial as the first case on May 30, 1979, and rescheduled for trial on June 20, 1979, by order entered April 19, 1979. The calendar further exhibits 9569 was scheduled at arraignment for trial as the first case on June 20, 1979,

and rescheduled by order entered April 19, 1979, as the second case on May 30, 1979. The record does not explain the scheduling discrepancies reflected in the court calendar, the arraignment hearing, and the order of April 19, 1979.

3. Neither the order dismissing 9569, nor any prior order explains why 9569 was not tried as scheduled on May 30, 1979.

II. Dismissal Pursuant to Iowa R.Crim.P. 27(1). The State alleges trial court abused its discretion by dismissing causes 9569, 9570, and 9571 because the court could not determine, at that stage of the proceedings, that cause 9572 was the State's strongest case. We agree.[4]

■ Trial court is vested with the discretion to dismiss, upon its own motion, any pending criminal prosecution in the furtherance of justice. Iowa R.Crim.P. 27(1). This exercise of discretion is subject to only a limited review on appeal, not review de novo. *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978). To secure reversal, the State must show trial court abused its discretion. *Id.* To accord trial court proper deference, we consider "... [that] court ... [to be] in as good or better position than the appellate court to make a determination in accordance with the demands of justice." *Id.*

... [T]he decisions of the trial court are cloaked with "a strong presumption in [their] favor," and "[u]ntil the contrary appears, the presumption is that the discretion of the [trial] court was rightfully exercised." ... [T]o overcome this presumption of regularity requires an affirmative showing of abuse and the burden of so showing rests upon the party complaining.

This burden is heavy, indeed, for it can only be sustained by showing abuse *and* prejudice. In the words of a leading treatise on discretion: "... The action complained of must have been unreasonable in the light of attendant circumstances—the discretion must have been exercised for *reasons clearly untenable* or to an extent clearly *unreasonable* [and] the action must have resulted *prejudicially* to the rights of the party complaining. Without a union of these conditions, the ruling will stand; and, they concurring, it is seldom that a reversal is refused."

*Gartin*, 271 N.W.2d at 910–11 (quoting Donahoo, *The Scope of Judicial Discretion in the Iowa Criminal Trial Practice*, 58 Iowa L.Rev. 1023, 1024 (1973) (emphasis in original)).

■ "[F]urtherance of justice [means] justice to society [the People] as well as to a criminal defendant ... (citations omitted.) [A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." *People v. Mack*, 52 Cal.App.3d 680, 684, 125 Cal.Rptr. 188, 191 (1975); *People v. Superior Court of San Diego County*, 26 Cal. App.3d 668, 670–71, 102 Cal.Rptr. 925, 927 (1972). Indeed, the State is entitled to the same judicial impartiality and fairness as any other litigant in our courts. *People v. Beasley*, 5 Cal.App.3d 617, 630, 85 Cal.Rptr. 501, 509 (1970). Justice requires "a fair opportunity for each side to present its case must be afforded." *In re Judges of Cedar Rapids Municipal Court*, 256 Iowa 1135, 1137, 130 N.W.2d 553, 555 (1964).

■■ With these precepts in mind, we conclude the record before us is inadequate to permit a determination of whether trial court properly exercised or abused its discretion in dismissing the three remaining charges. If trial court was considering dismissal of the charges in the furtherance of justice, fair notice of its intention to do so should have been given to the parties and a full hearing held to permit them to argue the merits of dismissal or trial of the remaining charges. *People v. Stern*, 83 Misc.2d 935, 938, 372 N.Y.S.2d 932, 934 (1975). "The statute makes the interests of justice paramount and it is therefore mandatory that the discretion of the court be founded upon fully deliberated considerations. An adversary hearing is the only method to establish a full and complete record, because the discretion of the trial judge is neither absolute or [sic] uncontrolled." *Id.* at 938, 372 N.Y.S.2d at 934–35.

■ While it would be impossible to make an exhaustive list of factors trial court should evaluate at such a hearing to determine what action would best serve the

---

4. We also concur in the State's assertion that neither double jeopardy nor the related doctrine of collateral estoppel is involved. *See* *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *State v. O'Kelly*, 211 N.W.2d 589, 594 (Iowa 1973).

furtherance of justice, findings should be keyed to the specifics of each case. *State v. Kenyon*, 85 Wis.2d 36, 47, 270 N.W.2d 160, 165 (1978). Relevant considerations should include, but are not limited to, the following: (1) weight of the evidence of guilt or innocence; (2) nature of the crime involved; (3) whether defendant is or has been incarcerated awaiting trial; (4) whether defendant has been sentenced in a related or similar case; (5) length of such incarceration; (6) possibility of harassment; (7) likelihood of new or additional evidence at trial; (8) effect on the protection to society in case the defendant should actually be guilty; (9) probability of greater incarceration upon conviction of another offense; (10) defendant's prior record; (11) the purpose and effect of further punishment; and (12) any prejudice resulting to defendant by the passage of time. *See People v. Andrade*, 86 Cal.App.3d 963, 976–77, 150 Cal.Rptr. 662, 670 (1978); *People v. Orin*, 13 Cal.3d 937, 946, 533 P.2d 193, 199, 120 Cal.Rptr. 65, 71 (1975); *Stern*, 83 Misc.2d at 937–38, 372 N.Y.S.2d at 934.

In light of these considerations, we remand this case to trial court for hearing, upon proper notice, to allow both the State and defendant to present arguments concerning which disposition of these causes would best further the interests of justice. Only after such a hearing can trial court exercise discretion founded on fully deliberated considerations and set forth reasons for its determinations. We accordingly cannot review the propriety of trial court's exercise of discretion until it has made a ruling following hearing. Trial court's order, therefore, is vacated and this case remanded for further proceeding consistent with this opinion.

VACATED AND REMANDED.