*1004 OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
On April 25, 2006 defendant, Antonio Arroyo, moved for dismissal of the accusatory charges in the interest of justice pursuant to CPL 170.40 and People v Clayton (41 AD2d 204 [2d Dept 1973]). The defendant also moved to reserve the right to make further motions pursuant to CPL 255.20 (3). The court makes the following findings and conclusions of law:
Facts
On February 15, 2006 New York City police officers enacted a sting operation dubbed “Operation Lucky Bag”[1] on the Jay Street subway platform of the A-line train. As part of “Operation Lucky Bag” police officers intentionally left an unattended bag on the subway platform. This bag contained an Xbox video game box, a camouflage-print Sprint cellular phone, and cash. After some time defendant Antonio Arroyo approached the unattended bag. According to the complaint, the defendant took the bag in to his possession and walked away with it, passing two uniformed police officers. The People contend a commuter told defendant to turn the property in to the transit authorities, to which defendant reportedly replied “I’ll take my chances.” Soon thereafter, while still on the subway platform, Officer Arteaga arrested the defendant.
The defendant was arraigned on misdemeanor charges of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40) on February 16, 2006. On April 25, 2006 the defendant filed the instant motion.
Discussion
Pursuant to CPL 170.40 and Clayton (supra), the court may dismiss a misdemeanor complaint or information in the furtherance of justice if the judge finds some compelling factor, consideration or circumstance that clearly demonstrates that a conviction or prosecution of the defendant would constitute or result in injustice. CPL 170.40 (1) (a)-(j) specifies factors which the court must, to the extent applicable, examine and consider, individually and collectively when deciding a motion to dismiss. *1005 This court considered all of these factors[2] in rendering its decision. The circumstances of the instant case compel the court to dismiss the charges in the interest of justice.
It is solely the court’s discretion whether to dismiss in the interest of justice under CPL 170.40. (People v Stem, 83 Misc 2d 935, 935 [Crim Ct, NY County 1975].) Stem stated the “merits of the guilt or innocence of the defendant should not be considered” and that the sole issue to be decided is whether defendant’s continued prosecution or conviction would be an injustice. (Ibid, at 938.) In the instant case the continued prosecution or conviction of the defendant violates the principles of fairness and justice. The charges against the defendant violate CPL 170.40 (j) as they have no useful purpose to society and are inherently unfair. Additionally, under CPL 170.40 (g) and (h), a dismissal of the charges would have no negative impact on the safety of society nor the welfare of the community.
This court agrees that CPL 170.40 should be used “sparingly” and would not extend this ruling beyond the fact pattern at hand. (Stern at 940.) The methods used in “Operation Lucky Bag” may also be in conflict with Personal Property Law § 252 which provides for a 10-day period to turn in to proper authorities any found property with a value of more than $20. “Operation Lucky Bag” can be viewed as an unfair enticement to commit crime. In order to further fairness and justice, the circumstances at hand compel the court to dismiss all charges against the defendant.
The police should concentrate their noble efforts on behalf of the city on countering real crimes committed every day. They do not need to manipulate a situation where temptation may overcome even people who would normally never think of committing a crime.

. See New York Post, Crooks “Carted” Off to Prison — NYPD’s Bait Snags Thieves, Feb. 27, 2006, at 15; New York Post, “Good Guy” Was Left Holding the Bag, Mar. 13, 2006, at 13.

. The court considered, inter alia, the following compelling factors, pursuant to CPL 170.40: (a) the seriousness and circumstances of the offense; (b) the extent of harm caused by the offense; (c) the evidence of guilt, whether admissible or inadmissible at trial; (d) the history, character and condition of the defendant; (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; (f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; (g) the impact of dismissal on the safety or welfare of the community; (h) the impact of a dismissal upon the confidence of the public in the criminal justice system; (i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; and (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.