CADY, Chief Justice
(dissenting).
I respectfully dissent. I would conclude that any error in this case in admitting expert testimony at trial concerning behavior exhibited by the victim that was consistent with sexual abuse trauma was harmless and does not require a new trial.
There is a very fine line between the admission of expert testimony that identifies behavior or symptoms typically displayed by victims of sexual abuse and inadmissible expert testimony about behavior or symptoms displayed by victims *685 of sexual abuse that vouches for the credibility of a victim of sexual abuse. Finding that subtle difference is committed to the sound discretion of the district court to make the difficult call, ruling on such evidence in light of all the circumstances. See State v. Frank, 298 N.W.2d 324, 327 (Iowa 1980). Discretion is not abused unless the ruling is based on “untenable” grounds, is “clearly unreasonable,” or no support for the decision exists in the record. State v. Gartin, 271 N.W.2d 902, 910-11 (Iowa 1978). Moreover, although prejudice is presumed unless the record affirmatively establishes otherwise, State v. Paredes, 775 N.W.2d 554, 571 (Iowa 2009), an abuse of discretion constitutes reversible error only if the admission of the evidence “injuriously affect[s]” the complaining party, results in a “miscarriage of justice,” or a different result would have occurred if the evidence had not been admitted, 7 Laurie Kratky Doré, Iowa Practice Series, Evidence § 5.103:14, at 65 (2013).
The fine line in the legal standard in this case weighs against prejudice to support reversible error. The trial court had discretion to admit expert testimony that identified recognized symptoms of sexual abuse trauma that were exhibited by the victim, and there is nothing in the record to suggest the State used or sought to use this evidence to vouch for the credibility of the victim. Reversible error in admission of evidence at trial should not come down to splitting hairs.