# IN THE COURT OF APPEALS OF IOWA

No. 20-1349
Filed June 30, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**AUSTIN JAMES HALER,**
  Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Fremont County, Michael D. Hooper, Judge.

   Defendant appeals his sentence following conviction for possession of methamphetamine with intent to deliver. **AFFIRMED.**

   Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

   Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

   Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

After pleading guilty to possession of methamphetamine with intent to deliver in September 2019, Austin Haler was granted a deferred judgment and placed on probation for a period of two years. Approximately a year into Haler's probationary period, Haler admitted violating his probation and his deferred judgment was revoked in October 2020. Following the revocation of the deferred judgment and imposition of conviction, Haler was sentenced to an indeterminate term of incarceration not to exceed ten years. Haler's sole argument on appeal is the district court abused its discretion by imposing a period of incarceration rather than another rehabilitative option. We find no abuse of discretion by the district court and accordingly affirm.

### Jurisdiction and Standard of Review

An appeal from a guilty plea is typically barred. Iowa Code § 814.6(1) (2020). However, a defendant may challenge a sentence following a guilty plea on direct appeal if good cause is established. *Id.* Good cause is established "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). "We readily distinguish appeals challenging the guilty plea itself from appeals challenging the sentence imposed after the plea is accepted." *Id.* (footnote omitted). Because Haler challenges his sentence, he has demonstrated good cause, and we may consider his appeal.

The Iowa Rules of Criminal Procedure allow for the correction of an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a). Sentencing errors "may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). Sentencing decisions

are reviewed for the correction of errors at law. Iowa R. App. P. 6.907. Because Haler's sentence is within the statutory limit (an indeterminate term not to exceed ten years) under Iowa Code section 902.9, we review the court's decision for an abuse of discretion. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

## I.      Facts and Procedural History

Haler pled guilty to possession of methamphetamine with intent to deliver, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6) (2019), in September 2019. The district court deferred judgment and placed Haler under probationary supervision for two years. In September 2020, the State reported multiple probation violations, including Haler's failure to obtain a drug and alcohol evaluation, Haler's use of methamphetamine, and Haler's charge for possession of a controlled substance in Nebraska.

At the probation revocation hearing in October 2020, Haler admitted to the probation violations, including a plea of guilty or a finding of guilt to the Nebraska matter, and agreed to the revocation of his deferred judgment. However, Haler requested to remain on probation. The State recommended a sentence of ten years in prison. The court revoked the deferred judgment, entered the conviction, and imposed a prison sentence for an indeterminate term of incarceration not to exceed ten years. The sentence was not suspended. Haler timely appealed.

## II.    Discussion

Haler argues the district court abused its discretion by sentencing him to a period of incarceration instead of another option for rehabilitation. The trial court must, at a minimum, consider "the nature of the offense, the attendant circumstances, the defendant's age, character, propensities, and chances of reform." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). Haler contends that despite his past struggles with substance abuse, he has recently made positive changes and showed a willingness to improve. He argues that prison is not the best option to facilitate his rehabilitation. "A sentencing court is to consider any mitigating circumstances relating to a defendant". *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). However, the court is not required to acknowledge each mitigating factor urged by the defendant, and just because the court did not mention a factor that does not mean the factor was not considered. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Here, we find a proper exercise of discretion by the district court.

At hearing, the following exchange occurred between the court and the defendant after the defendant provided a statement of allocution:

> THE COURT: Mr. Haler, I don't feel you're a good candidate for more probation.    You were on probation and you had a chance to have this completely dismissed from your record if you could have just toed the line.  A:   Yes, sir.
> THE COURT:    And while you're on probation you not only commit another crime but commit a crime dealing with the same substance you were originally granted a second chance on.  You understand that?  A:   Yes, sir.
> THE COURT:   So I am gonna revoke your deferred judgment, I'm gonna impose the sentence that you pled guilty to before.    You're gonna be sentenced to a term of ten years in the Iowa Department of Corrections.    I'm not gonna suspend that.   Mittimus will issue immediately.  I will suspend the thousand-dollar fine, and because of

> the fact that you're gonna be incarcerated for indeterminate term of ten years I will find that you do not have the ability to pay court costs or court-appointed attorney fees, and I'll waive those items.
>
> The reason for my sentence is your need for rehabilitation, your likelihood for rehabilitation, and society's need for further protection from further offenses by you, and the fact that you're just committing the same crimes while you're on probation.

A sentence must achieve the maximum opportunity for a defendant's rehabilitation and, at the same time, protect the community. Iowa Code § 901.5. Iowa Code section 901.5 provides that the determination of this sentence is within the discretion of the court. A court is not required to recite reasons for rejecting certain sentencing options while adopting others. *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). Further, the sentencing court's decision is "cloaked with a strong presumption in [their] favor", and it is incumbent upon the defendant to overcome this "presumption of regularity". *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (quoting *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978)). The defendant must make a showing that the district court relied on grounds that were "clearly untenable" or "clearly unreasonable". *Id.* Haler has failed to make that showing here.

"Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014) (citation omitted). Among the reasons the district court listed at the hearing were Haler's failure to comply with probation, the need for rehabilitation, and society's need for protection from further offenses by

Haler. The court also noted Haler's ongoing criminal activity.[1] The district court's written sentencing order reiterated these reasons for the sentence. The sentence imposed does not indicate an "erroneous application of the law," as it was within the court's discretion to determine the appropriate sentencing option within the statutory limits. *See* Iowa Code § 902.9.

## III. Conclusion

The district court's sentence of an indeterminate term of incarceration not to exceed ten years was not decided on grounds that are clearly untenable or clearly unreasonable. Further, the trial court is not required to give its reasons for rejecting alternative sentencing options or list every factor considered. For the foregoing reasons, we conclude the court did not abuse its discretion in sentencing Haler to an indeterminate term of incarceration not to exceed ten years. According, we affirm.

**AFFIRMED.**

---

[1]At the time of the sentencing hearing, Haler admitted he had been found guilty of the Nebraska charge and was awaiting sentencing. Haler raises no issue on appeal concerning this consideration.