# IN THE COURT OF APPEALS OF IOWA

No. 23-1638
Filed October 30, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHAEL LEE YOUNG,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, Judge.

On direct appeal, a defendant challenges his sentence, which imposed a period of incarceration. **AFFIRMED**.

Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Michael Young appeals the sentence imposed following his plea of guilty to operating while intoxicated (OWI), third offense, as a habitual offender, an enhanced class "D" felony, in violation of Iowa Code sections 321J.2 and 902.8 (2022). Young argues the district court abused its discretion in imposing a prison sentence.[1]

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). When, as here, the sentence given "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* at 553 (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

Young was arrested on September 22, 2022, for OWI. His blood alcohol content was .245. This was Young's seventh "lifetime" OWI, which included a conviction in 2013 for OWI, second offense, and serious injury by vehicle.

---

[1] We have jurisdiction to hear Young's appeal despite his guilty plea because Young has established good cause by challenging his discretionary sentence rather than the guilty plea. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain."); *State v. Henderson*, No. 19-1425, 2020 WL 2781463, at *1 (Iowa Ct. App. May 29, 2020) (following the logic in *Damme*—filed the same day—to find good cause to appeal following an *Alford* plea when only the sentence is being challenged).

Young pled guilty to the 2022 charge, admitted his prior OWI convictions, and stipulated to his prior felony convictions in exchange for dismissal of other pending charges. The court accepted the guilty plea. Both sides were free to argue for disposition, with the State arguing for incarceration and Young arguing for a suspended sentence, with sixty days of jail-time imposed. The court sentenced Young to an indeterminate fifteen-year prison term with a mandatory three-year minimum. In formulating the sentence, the district court noted its review of the presentence investigation report and stated in part:

> I will note that you've made a lot of good progress, because you're sober, that's it, that's a huge mitigating factor here. I am balancing that with a fact that it is your seventh lifetime OWI. You have had serious consequences, result from previous OWI's and you fell back into the same behavior. I have to weigh all of that, and at the end of the day, I am concerned about the protection of the community and your propensity for further criminal acts.
> As a result of that, I am going to follow the State's recommendation. There is a $3125 fine. You'll be incarcerated for a period of five years on the OWI third plus the fifteen years as the habitual offender. You will do a minimum of three years. You'll get credit for any time you've been in thus far, and I am going to deny probation at this time.

In his direct appeal, Young does not contend the court relied on improper sentencing factors; rather, he claims the court failed to consider mitigating factors, specifically his community service and his involvement in Alcoholics Anonymous. Young also argues the court failed to explain reasons for rejecting his probation request.[2]

---

[2] The written sentencing order noted that the court considered all the available sentencing considerations set forth in Iowa Code section 907.5, and it found these factors the most significant in determining Young's sentence: the nature and circumstances of the crime, protection of the public from further offenses, Young's criminal history, Young's substance-use history, Young's propensity for further criminal acts, and statutory sentencing requirements.

As to Young's claim that the district court did not adequately address mitigating factors, we note that while the district court had the obligation to consider relevant factors, it was not required to specifically acknowledge each mitigating factor claimed by Young. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("We do not believe however, [the sentencing court] is required to specifically acknowledge each claim of mitigation urged by a defendant."). And the district court acknowledged a mitigating factor, Young's current sobriety. Failing to acknowledge a particular factor does not mean it was not considered. *Id.* We find no abuse of the court's discretion in failing to say more as to the mitigating factors claimed by Young.

And as to Young's claim that the court abused its discretion in sentencing him to a period of incarceration rather than probation, we reject this claim. Young does not argue that the district court considered any improper factors in formulating the sentence. A sentence must achieve the maximum opportunity for a defendant's rehabilitation and, at the same time, protect the community. Iowa Code § 901.5. Iowa Code section 901.5 provides that the determination of this sentence is within the discretion of the court. A court need not recite reasons for rejecting certain sentencing options while adopting others. *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995).

Further, the sentencing court's decision is "cloaked with a strong presumption in [its] favor," and it is incumbent upon the defendant to overcome this "presumption of regularity." *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (quoting *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978)). And as previously noted, a defendant must make a showing that the district court relied on

grounds that were "clearly untenable" or "clearly unreasonable." *Id.* Young has failed to make that showing here. The grounds the district court relied on were not clearly untenable or clearly unreasonable.

We find no abuse of discretion and affirm.

**AFFIRMED.**